# Cases

---

JONAS H. LANE and Others, Respondents, *v.* JOHN W. WHEEL-
WRIGHT and Others, Appellants, Impleaded with Others.

*Transfers of property by a foreign corporation in contemplation of insolvency.*

The laws of the State of New York prohibiting the transfer by a corporation, in
contemplation of insolvency, of any portion of its property, with a view to
giving a preference to any of its creditors, do not apply to a foreign corporation.

Such prohibitions being statutory and not existing under the common law, there
is no presumption that the law of another State is the same as the law of New
York on this subject, and, where the foreign law is not proven, the presump-
tion is that the common law still exists where it has once obtained.

A Massachusetts manufacturing corporation consigned certain goods for sale to
a firm in the State of New York, which made advances thereon, less in
amount than the value of the goods. The corporation, in contemplation of
insolvency, thereafter undertook to transfer the goods in the hands of the New
York firm (subject to its claim for advances) to a creditor (being a firm of which
the president of the corporation was a member), but no money passed at the
time, nor was there any change in the possession of the goods, although the
goods were charged to the creditor on the books of the corporation and credited
to the corporation on the books of the creditor, and the charge to the New
York firm on the books of the corporation was canceled, and that firm notified.
Thereafter, and while the goods were so in the State of New York, attach-
ments were levied thereon in suits brought in that State against the corpora-
tion by other creditors.

*Held*, that this transaction effected a transfer of the goods from the Massachu-
setts corporation, which, in the absence of fraud, was effectual to change the
title and vest it in the transferee ;

That this transfer, being by a foreign corporation, was not affected by the pro-
hibition of the New York statute against a transfer by a corporation in

contemplation of insolvency, and, hence, that the subject of the attachment was not the property of the debtor in the attachments at the time of their levy.

APPEAL by the defendants, John W. Wheelwright and others, from a judgment of the Supreme Court, rendered on a trial at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 19th day of October, 1892, with notice of an intention to bring up for review upon such appeal an interlocutory judgment entered in said clerk's office June 24, 1892, and an order denying a motion to make the complaint more definite, entered in said clerk's office July 20, 1892.

*H. Wallis,* for the appellants.

*W. R. Barrickle,* for the respondents.

VAN BRUNT, P. J.:

This action was brought by the sheriff and attaching and judgment creditors in aid of the attachments set forth in the complaint, and the judgments and execution issued thereon to enforce liens claimed to have been created by said attachments, and to remove obstructions to the collection of the judgments out of the attached property.

We think for the reasons stated in the opinion of the learned judge who tried the case in the court below, that the attachments were properly levied, and that the objections to the form of the complaint were waived by not being taken by demurrer or answer. And the only question in respect to which a satisfactory conclusion was not reached, was the question as to whether at the time of the levying of the attachments, the property in question was the property of the debtor in the attachment suits. The learned judge held that the attempted transfer of the property was void because prohibited by the laws of this State, and that in the absence of proof to the contrary, the laws of Massachusetts are presumed to be the same as the laws of this State — the prohibition contained in the laws of this State being against the transfer by a corporation of any portion of its property to give a preference to any of its creditors in contemplation of insolvency. Therefore, the only questions necessary for us to discuss are: Was there a transfer by the Norton Manufactur-

ing Company, the defendant in the attachment suits, to Eddy & Street of this property subsequently attached? And was such transfer void because contrary to the statutes of this State?

It appears from the evidence in this case that Mr. Eddy, of Eddy & Street, was the president and treasurer of the Norton Manufacturing Company, the defendant in the attachment suits, a Massachusetts corporation, and that the property which formed the subject-matter of the attachment was situated within this State, having been consigned to the firm of Wheelwright, Eldridge & Co., defendants herein, for sale, upon which said firm had made advances, the amount of goods being more than sufficient to pay such advances. And it further appears that the Norton Manufacturing Company, being largely indebted to Eddy & Street, in July, 1888, a resolution was passed by the directors of said company authorizing Mr. Eddy to protect Eddy & Street against any goods that were sold them in the future, and that subsequent thereto and prior to the 19th of September, 1888, Eddy & Street had sold the Norton Manufacturing Company, goods amounting to somewhere near $5,000, and that the Norton Manufacturing Company had consigned the goods in question, as above stated, to Wheelwright, Eldridge & Co., upon which day Mr. Eddy, under the power given him in contemplation of the insolvency of the Norton Manufacturing Company, transferred all the goods in the hands of Wheelwright, Eldridge & Co. to Eddy & Street, and Wheelwright, Eldridge & Co. were notified thereof. Such transfer took place on the 19th of September, 1888, and Eldridge was present with Mr. Eddy. No money passed at the time, nor was there any change in the possession of the goods. The transfer was effected by such goods being charged on the books of the Norton Manufacturing Company to Eddy & Street, and credited on Eddy & Street's books to the Norton Manufacturing Company, and the charge to Wheelwright, Eldridge & Co. of these goods by the Norton Manufacturing Company was canceled. These entries were made by Mr. Eddy personally, no one having any authority to act but himself.

It would seem that the result of these transactions was to change the title in these goods from the Norton Manufacturing Company to Eddy & Street; and that all was done which could be done to effect such transfer. The goods in question were in the possession of

Wheelwright, Eldridge & Co. Neither the Norton Manufacturing Company, nor Eddy & Street, were entitled to the possession of the same, they being the subject of a pledge for advances made by Wheelwright, Eldridge & Co. Such being the case, unless the laws of New York prohibiting the transfer by a corporation of any portion of its assets to give preference to a creditor in anticipation of insolvency, applied to this transfer, the title to the goods in question were in Eddy & Street.

It seems to us clear that such laws do not apply to a foreign corporation. These prohibitions being statutory and not existing under the common law, there is no presumption that the law of Massachusetts was the same as the law of New York, the only presumption being, where the foreign law is not proven, that the common law still exists in those countries where the common law obtained.

Applying this rule to the case at bar, there was no prohibition against the Norton Manufacturing Company transferring these goods to Eddy & Street; and in the absence of fraud such transfer was effectual to vest the title in Eddy & Street.

The judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide event.

O'Brien and Ingraham, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.