JAMES B. RATHBONE, as Trustee in Bankruptcy of ELMIRA STEEL COMPANY, a Bankrupt, Respondent, *v.* F. WAYLAND AYER, Appellant, Impleaded with FREDERICK McOWEN and Another.   (No. 1.)

*Action by a trustee in bankruptcy of a corporation — liability of its directors for dividing its assets among themselves — it is not necessary to join as parties the creditors of the corporation.*

The complaint, in an action brought by a trustee in bankruptcy of a corporation, alleged that the capital stock of the corporation, as shown by the certificate of incorporation, was $500,000 paid up in cash; that thereafter the directors wrongfully took from the corporation the $500,000 and divided it among themselves; that the defendant Ayer was then a director of the corporation and took an active part in the scheme by which it was defrauded and participated in the distribution; that the other directors were non-residents of the State and without the jurisdiction of the court; that no part of the $500,000 was earnings or profits of the corporate business.

Judgment was demanded against Ayer in the sum of $500,000.

*Held*, that the complaint was not demurrable;

That the wrong inflicted upon the corporation constituted a cause of action in its favor both at common law and under the statute;

That the trustee in bankruptcy was entitled to maintain such action without joining the creditors of the corporation.

APPEAL by the defendant, F. Wayland Ayer, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 2d day of December, 1902, upon the decision of the court, rendered

after a trial at the Broome Special Term, overruling said defendant's demurrer to the plaintiff's complaint.

*H. H. Rockwell,* for the appellant.

*Frederick Collin, Edward G. Herendeen* and *Halsey Sayles,* for the respondent.

KELLOGG, J.:

The complaint alleges the incorporation in this State of the Elmira Steel Company on July 10, 1899; that on December 18, 1900, a petition by creditors in involuntary bankruptcy was filed; that such proceedings were had that the Elmira Steel Company was declared a bankrupt about April 17, 1901, and that plaintiff was appointed by the United States District Court a trustee in bankruptcy and qualified as such May 14, 1901. This action was commenced August 1, 1901.

The complaint alleges a cause of action in favor of the corporation, based upon the misconduct of the directors. It alleges that the capital stock, as shown by the certificate of incorporation, was $500,000 paid up in cash; that thereafter the directors wrongfully took from the corporation the $500,000 and divided it among themselves; that defendant F. Wayland Ayer was then a director and took an active part in the scheme by which the corporation was defrauded and participated in the distribution; that the other directors are non-residents of the State and without the jurisdiction of this court; that no part of the $500,000 was earnings or profits of the corporate business. Judgment was demanded against Ayer in the sum of $500,000.

It appears to me that these facts are sufficient to constitute a cause of action in favor of the corporation at common law. This was a wrong independent of any statute declaring it to be so. The corporation was wronged by being unlawfully deprived of its assets. The action is not for the recovery of a penalty, but to recover assets of the corporation wrongfully taken and wrongfully detained by defendants. The statute (Laws of 1892, chap. 688, § 23, as amd. by Laws of 1901, chap. 354) also authorizes an action for such recovery in the name of the corporation. It is true that the statute also authorizes an action in favor of the creditors, but it does not mean that the creditors and corpo-

ration must join.  The creditors may bring an action if the corporation does not.  If an equity action is brought it might in some cases, perhaps, be maintained in the name of all persons interested, and a final dissolution of the corporation be declared and a final disposition of its assets made.  But in the case before us the assets — all of them — are in the custody of the United States court; all the creditors are there, and both creditors and assets are represented by the plaintiff.  It is within the power of the United States court, and it is its policy, to enjoin interference in all cases with the property of a declared bankrupt through any action in the State court by any creditor.

We think the Special Term properly overruled the demurrer, and that the interlocutory judgment should be affirmed, with costs, with usual leave to answer over on payment of costs in this court and in the court below.

All concurred.

Judgment affirmed, with costs, with usual leave to answer on payment of costs in this court and in Special Term.