THE GERMAN-AMERICAN COFFEE COMPANY, Appellant, *v.* CLARENCE A. DIEHL, Respondent.

Corporations — directors of foreign corporation transacting business in this state liable if they declare dividends from capital — corporation may maintain action to enforce liability.

1. When a foreign corporation comes into this state and transacts its business here, it must yield obedience to our laws, and violation of a condition may be made to impose a liability on the directors who violate it. Hence, directors of a foreign corporation, transacting business in this state and subjecting itself to the conditions established by our laws, may be charged with liability if they declare dividends from capital.

2. The legislature meant by section 70 of the Stock Corporation Law (Cons. Laws, ch. 59) to extend to foreign corporations transacting business in this state the prohibitions in respect of dividends that earlier sections of the same statute had already laid on domestic corporations and to establish an offense against our laws, not merely to declare that there should be a remedy here for an offense against the home laws.

3. The legislature has the power not only to make the wrongful act of directors of a foreign corporation in declaring a dividend except from the surplus or the net profits from its business an offense against our laws, but to give the right of action therefor to the corporation itself.

*German-American Coffee Co.* v. *Diehl*, 167 App. Div. 928, reversed.

(Argued May 25, 1915; decided October 5, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 26, 1915, which affirmed an order of Special Term sustaining a demurrer to and dismissing the complaint.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ralph S. Rounds, Eugene Congleton* and *George S. Brengle* for appellant. Section 70 of the Stock Corporation Law, read in connection with section 28 of that law, imposes a condition upon which a foreign corporation may transact business in the state of New York and is a valid exercise of legislative power. (*Thomas* v. *Matthiessen*, 232 U. S. 221; *Hammond Packing Co.* v. *Arkansas*, 212 U. S. 322; *People* v. *Fire Association of Philadelphia*, 92 N. Y. 311; *Lehigh Water Co.* v. *Easton*, 121 U. S. 388; *Baltic Mining Co.* v. *Massachusetts*, 231 U. S. 83; *Nelson* v. *Bank of Fergus Co.*, 157 Fed. Rep. 161.) The statute does not constitute an interference with the internal management of a foreign corporation. (*Hallenbourg* v. *Green*, 66 App. Div. 590; *Miller* v. *Quincy*, 179 N. Y. 294.) In regard to the business done in New York, the plaintiff corporation must be considered as domiciled in New York, and, therefore, a New York corporation. (*N. E. Mut. Life Ins. Co.* v. *Woodworth*, 111 U. S. 138; *Morgan* v. *Mut. Benefit Life Ins. Co.*, 189 N. Y. 447; *Lockwood* v. *U. S. Steel Corp.*, 209 N. Y. 375.)

*William Ferguson, Charles W. Lucas* and *George W. Harper, Jr.*, for respondent. New York, the state where the corporation has qualified, has, under a proper construction of section 70 of the Stock Corporation Law, neither created nor purported to create any right on directors different from the right created by the law of

the chartering state. Section 70 is a statute of comity only. (*Vanderpoel* v. *Gorman*, 140 N. Y. 563; *Muck* v. *Hitchcock*, 212 N. Y. 283; *Hutchinson* v. *Stadler*, 85 App. Div. 424; *Marshall* v. *Sherman*, 148 N. Y. 9; *Howarth* v. *Angle*, 162 N. Y. 179; *Lowery* v. *Inman*, 46 N. Y. 119; *St. Louis R. R. Co.* v. *McCormick*, 71 Texas, 660; *Wooden* v. *Railroad*, 126 N. Y. 10; *Bracken* v. *Atlantic Trust Co.*, 167 N. Y. 510; *Southworth* v. *Morgan*, 205 N. Y. 293; *Leyner, etc.*, v. *Kempner*, 163 Fed. Rep. 605; *Coulter Dry Goods Co.* v. *Rosenbaum*, 74 Misc. Rep. 579.) If New York, under the provisions of the Stock Corporation Law hereinbefore discussed, has created a liability upon directors of foreign corporations for the declaration of unauthorized dividends, and if the chartering state of the corporation has created a similar right, it becomes a simple question in the conflict of laws as to which particular right shall be enforced. It is quite contrary to the theory of our law and to fundamental justice to enforce both rights. (*Wood* v. *Railway Co.*, 126 N. Y. 10; *Usher* v. *W. J. R. Co.*, 126 Penn. St. 206; *Slater* v. *M. Nat. R. R. Co.*, 194 U. S. 120; Wharton on Conf. of Laws, 1098, §§ 478b, 478c; *Thomas* v. *Matthiesen*, 232 U. S. 221.) When the chartering state of the corporation has raised rights and obligations upon directors by reason of the declaration and payment of unauthorized dividends and another state where the corporation does business has created a similar right for a similar wrong, the law of the chartering state should govern the nature and the extent of the obligation treated. (*Bedford* v. *N. Y. Iron Mine*, 24 J. & S. 236; *Howell* v. *Railway Co.*, 51 Barb. 378; *Fisher* v. *Charter Oak Co.*, 20 J. & S. 179; *Fourth Nat. Bank* v. *Francklyn*, 120 U. S. 747; *Pollard* v. *Bailey*, 20 Wall. 520; *Howarth* v. *Angle*, 162 N. Y. 179; *Jessup* v. *Carnegie*, 80 N. Y. 441.)

CARDOZO, J. The defendant has demurred to the complaint; and the question whether its allegations make

out a cause of action has been certified to this court. The plaintiff is a New Jersey corporation. In July, 1903, it received a certificate under sections 15 and 16 of the General Corporation Law authorizing it to do business in this state. Since then it has maintained in New York its main business office; has held in New York the regular and most of the special meetings of its directors; and in New York has "generally," to follow the words of the complaint, "managed, directed and conducted its business." During successive years the directors, of whom the defendant is one, "as part of their administration of the business of the company in the State of New York," declared and distributed dividends. These dividends were paid out of capital, and not out of surplus or profits. That fact was well known, the complaint charges, to the directors, including the defendant. The loss to the company from the payment of unearned dividends is stated to be $239,016.75. For that amount with interest, judgment is demanded.

The statutes of New Jersey regulating the declaration of dividends are pleaded in the complaint. They are similar to our own statutes in prohibiting the making of dividends except from the surplus of the corporation or the net profits arising from its business (General Corporation Law of New Jersey, section 30). They are unlike our statutes, in that they give the right of action to the stockholders, severally and respectively, to the full amount of any loss sustained. Only in the event of insolvency does the cause of action belong to the corporation or its receiver. There is no claim that this corporation is insolvent. Under the New Jersey statute, therefore, the right of action is in the stockholders. The question to be determined here is whether the action may be maintained by the corporation itself. The answer depends upon the application to foreign corporations of the statutes of New York.

The Stock Corporation Law of this state (Cons. Laws, ch. 59, section 28) gives to a corporation or its creditors the right to recover the full amount of the loss sustained through the payment of dividends except from surplus profits.    That section, if it stood alone, would be confined in its application to domestic corporations (*Vanderpoel* v. *Gorman*, 140 N. Y. 563; *Lane* v. *Wheelwright*, 69 Hun, 180; affd. on opinion below, 143 N. Y. 634).    But it does not stand alone.    By section 70 of the same act the legislature has said: "Except as otherwise provided in this chapter the officers, directors and stockholders of a foreign stock corporation transacting business in this state, except moneyed and railroad corporations, shall be liable under the provisions of this chapter, in the same manner and to the same extent as the officers, directors and stockholders of a domestic corporation, for: 1. The making of unauthorized dividends; 2. Unlawful loans to stockholders; 3. Making false certificates, reports or public notices; 4. An illegal transfer of the stock and property of such corporation, when it is insolvent or its insolvency is threatened; 5. The failure to file an annual report. Such liabilities may be enforced in the courts of this state, in the same manner as similar liabilities imposed by law upon the officers, directors and stockholders of domestic corporations."    Divergent views of the application of this statute have been taken in the court below.    In the view of a majority of the judges, it does not create an independent cause of action for an offense against our laws; it does not even give the corporation the right to sue for an offense against its home laws, except where the corporation has the like right in the home courts; it is merely, in that view, a declaration that rights of action, if established by the law of the domicile, may be enforced also in this state, but only by the same persons who could enforce them in the home state.    It is the declaration of a rule of comity.    The corporation, it is argued, could not sue in New Jersey, for there the right

of action is in the stockholders, and because it has no remedy in New Jersey, it has none in New York. If the legislature, in enacting section 70 of the Stock Corporation Law, has merely opened our courts to suitors whose rights and remedies are shaped by the New Jersey law, the failure of this action follows.

We think the statute is broader both in purpose and in effect. At the outset, we put aside considerations of the legislature's power in respect of foreign corporations. We shall advert to those considerations later. For the moment, we are concerned solely with the legislature's meaning. Viewing the problem solely as one of statutory construction, we think the answer is not doubtful. The legislature meant to extend to foreign corporations transacting business in this state the prohibitions in respect of dividends that earlier sections of the same chapter had already laid on domestic corporations. It meant to ordain and establish an offense against our own laws, and not merely to declare that there should be a remedy for an offense against the home laws. "The officers, directors, and stockholders of a foreign stock corporation transacting business in this state, except moneyed and railroad corporations, shall be liable under the provisions of this chapter, in the same manner and to the same extent as the officers, directors and stockholders of a domestic corporation," for the following acts and omissions. They are not to be liable under the laws of their domicile. They are to be "liable under the provisions of this chapter." There is more than the declaration of a rule of comity in aid of foreign liabilities. There is the creation of a new duty and correspondingly of a new right.

This meaning becomes the more obvious when we note the acts and omissions from which liability is to follow. Each subdivision of section 70 extending the application of our statutes to foreign corporations relates back to a like prohibition which some earlier and corresponding sec-

tion has already laid upon domestic corporations. The first subdivision imposes liability for "the making of unauthorized dividends." This relates back to section 28, which prohibits the payment of dividends out of capital. The second subdivision imposes liability for "unlawful loans to stockholders." This relates back to section 29, which declares such loans illegal when made by domestic corporations. The third subdivision imposes liability for "making false certificates, reports or public notices." This relates back to section 35. The fourth subdivision imposes liability for "an illegal transfer of the stock and property of such corporation, when it is insolvent or its insolvency is imminent." This relates back to section 66. The fifth subdivision imposes liability for "the failure to file an annual report." This relates back to section 34. Each of these subdivisions was intended to impose an original liability, to be enforced in our courts, not as an offense against the laws of another state, but as an offense against our own laws. That conclusion is again confirmed when we consider sections of the Penal Law *in pari materia.* Section 664 makes it a misdemeanor for directors to pay dividends not earned through surplus profits. Section 667 says that it is no defense that the corporation is a foreign one if it is engaged in business or keeps an office therefor in this state. We do not attempt to determine the effect to be given to these provisions of the Penal Law. We refer to them for the light that they shed on the purpose of the lawmakers. Directors of a foreign corporation transacting business in this state and sued in this state for declaring dividends out of capital, are held, if the statute be valid, for an offense against our laws.

We come, then, to the question of power. On that question the argument has taken a wide range, yet the decision, when confined to the facts of the case at hand, is brought within a narrow compass. As long as a foreign corporation keeps away from this state, it is not for us to say what it may do or not do. But when it comes

into this state, and transacts its business here, it must yield obedience to our laws (*Sinnott* v. *Hanan*, 214 N. Y. 454, 458). For many purposes the fiction of its residence in the state of its origin must then be disregarded (*Lockwood* v. *U. S. Steel Corp.*, 209 N. Y. 375, 385; *St. Clair* v. *Cox*, 106 U. S. 350, 355). This statute makes no attempt to regulate foreign corporations while they keep within their domicile. It is aimed against them only while they elect to live within our borders. The duty which it imposes arises only when they come to us, and ends the moment that they leave us. Such a statute, however phrased, is in effect a condition on which the right to do business within the state depends (*St. Clair* v. *Cox*, 106 U. S. 350, at 356; *People* v. *Fire Assn. of Philadelphia*, 92 N. Y. 311, 325, 326; *Horn Silver Mining Co.* v. *New York*, 143 U. S. 305, 315; *Orient Ins. Co.* v. *Daggs*, 172 U. S. 557, 566, 567). A foreign corporation not engaged in interstate commerce may be excluded altogether (*Phœnix Mut. Life Ins. Co.* v. *McMaster*, 237 U. S. 63); if admitted, it may be subjected to conditions (*People* v. *Fire Assn. of Philadelphia*, *supra*; *Horn Silver Mining Co.* v. *New York*, 143 U. S. 305, 315); and violation of a condition may be made to impose a liability on the directors who violate it (*Thomas* v. *Matthiessen*, 232 U. S. 221). If they take the corporation out of the state, they may declare dividends as they please. If they elect to keep it with us, they must not lead it into paths of ruin. In these days, when countless corporations, organized on paper in neighboring states, live and move and have their being in New York, a sound public policy demands that our legislature be invested with this measure of control. If the control is irksome, it may be avoided by leaving us. Even if the prohibited act is done in the home state, it may be so bound up in its results with the business in this state that we cannot view it with indifference. A prohibition which lasts while business within the state continues, and may be escaped when

business within the state is stopped, is, in effect, a condition imposed on the right to do business, and nothing more. It is one of the terms to which submission is required while the right is enjoyed. There is no difference in meaning between a statute aimed against " a foreign stock corporation transacting business in this state " and one aimed against " a foreign stock corporation, *if* it transacts business in this State." The same point was involved in *Horn Silver Mining Co.* v. *New York (supra)*. In that case the court considered a statute imposing a tax upon the corporate franchise or business of foreign corporations doing business in New York to be computed by a percentage on the entire capital stock. The objection was urged that the tax was not a license fee; that it was a tax on property; and that it was void because laid upon property not within the state. The court held that the distinction between license fees and taxes on property did not affect the validity of the tax. " However it may be regarded, it is the condition upon which a foreign corporation can do business in the State, and in doing such business it puts itself under the law of the State, however that may be characterized." (See also: *Orient Ins. Co.* v. *Daggs, supra; St. Clair* v. *Cox, supra; People* v. *Fire Assn. of Philadelphia, supra; Southern Ry. Co.* v. *Greene*, 216 U. S. 400, 415.) It is to be remembered that section 70 of the Stock Corporation Law was in force when the plaintiff corporation came into this state (L. 1897, ch. 384, section 4). Terms imposed upon a foreign corporation after it has already established itself here with the sanction of our laws involve at times other difficulties, which need not be considered now (*Southern Ry. Co.* v. *Greene, supra*).

We hold, therefore, that directors of a foreign corporation transacting business in this state and subjecting itself to the conditions established by our laws, may be charged with liability if they declare dividends from capital. To whom the right to enforce that liability may

be given is, however, another question. We have no doubt that it may be given to creditors who have dealt with the corporation here (*Thomas* v. *Matthiessen*, 232 U. S. 221). This statute goes farther; it not only imposes the condition and establishes the offense, but it undertakes to give the cause of action to the foreign corporation itself. The defendant insists that this may not be done. The corporation itself, according to the defendant's argument, may not be invested by our law with a cause of action against its own directors. Whether there would be any force in that view if the act prohibited here were one commanded or even sanctioned by the law of the domicile, we need not now inquire. We think there is no force in it where the prohibited act is illegal in both states. The state of New Jersey prohibits the declaration of dividends out of capital, and gives a remedy to the stockholders; the state of New York prohibits the same act, and gives a remedy to the corporation. We reinforce the prohibition of the law of the domicile by a new sanction and a new remedy. The corporate capacity to sue is given to a corporation by the law of its creation; but the capacity to sue existing, rights of action unknown to the law of the domicile may be enforced by corporations as by other suitors when they move into another state. The plaintiff is given capacity to sue by the law of New Jersey. The law of this state creates a cause of action in its favor; and in suing, it does not transcend, it exercises, the powers given to it by its charter. That New Jersey gives the right of action in like circumstances to the stockholders, is not equivalent to a denial to the corporation of capacity to enforce a like right of action in the courts of another forum. There is no risk that the directors will be made to pay the same damages twice. Whatever is paid under a judgment in this action, will mitigate to an equivalent extent the damages recoverable in another action by the stockholders (*General Rubber Co.* v. *Benedict*, 215 N. Y. 18).

It will have the same effect as a voluntary restoration of the depleted capital. We think the legislature had the power to make the wrongful act of the directors an offense against our laws, and to give the right of action to the corporation itself.

The order should be reversed, with costs in all courts, and the question certified answered in the affirmative.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ., concur.

Order reversed.