IRVING TRUST COMPANY, as Trustee in Bankruptcy of BANKERS CAPITAL CORPORATION, Appellant, Respondent, *v.* HOWARD H. GUNDER, Respondent, Appellant, Impleaded with ARTHUR F. CONNOR and Others, Defendants.

First Department, January 15, 1932.

*Hiram Thomas* of counsel [*Hugh S. Williamson* and *Gerald J. Craugh* with him on the brief; *Breed, Abbott & Morgan*, attorneys], for the plaintiff.

*Arthur Abrams* of counsel [*Mortimer Hays* with him on the brief; *Hays, Podell & Shulman*, attorneys], for the defendant Howard H. Gunder.

O'MALLEY, J. The plaintiff as trustee in bankruptcy of Bankers Capital Corporation, a Delaware corporation, sues certain directors of such corporation to recover from them the amount of dividends unlawfully declared and paid out of capital, and not surplus, of such corporation. Section 58 of the Stock Corporation Law provides as follows: " § 58. Dividends. No stock corporation shall declare or pay any dividend which shall impair its capital or capital stock, nor while its capital or capital stock is impaired, nor shall any such corporation declare or pay any dividend or make any distribution of assets to any of its stockholders, whether upon a reduction of the number of its shares or of its capital or capital stock, unless the value of its assets remaining after the payment of such dividend, or after such distribution of assets, as the case may be, shall be at least equal to the aggregate amount of its debts and liabilities including capital or capital stock as the case may be. In case any such dividend shall be paid, or any such distribution of assets made, the directors in whose administration the same shall have been declared or made, except those who may have caused their dissent therefrom to be entered upon the minutes of the meetings of directors at the time or who were not present when such action was taken, *shall be liable jointly and severally to such corporation* and to the creditors thereof *to the full amount of any loss sustained by such corporation* or by its creditors respectively by reason of such dividend or distribution." (Italics ours.)

Section 114 of the Stock Corporation Law provides that the officers, directors and stockholders of a foreign stock corporation transacting business in this State shall be liable in the same manner and to the same extent as the officers, directors and stockholders of a domestic corporation for the making of unauthorized dividends, which liability may be enforced in the courts of this State in the same manner as similar liabilities imposed by law in the case of domestic corporations.

The first complete and the first partial affirmative defenses sustained at Special Term are in substance identical. They are

to the effect that any loss suffered by the corporation or its creditors was not sustained by reason of any dividend or distribution out of capital, but by reason of plaintiff's misconduct in improperly administering the estate in liquidation. They plead ultimate facts which, for the purpose of this appeal, we assume sufficient to show misfeasance or nonfeasance on the part of this plaintiff trustee in bankruptcy.

It is to be noted that plaintiff under the several liabilities imposed by the statute sues not only on behalf of the creditors, but also on behalf of the corporation. While it is true that in the larger sense a trustee in bankruptcy represents the creditors, still such trustee owns the bankrupt's assets in trust to pay the bankrupt's debts and any surplus goes to such bankrupt. (*Matter of Osborn's Sons & Co., Inc.*, 177 Fed. 184, 185.) A right of action such as this for waste of assets passes to the trustee in bankruptcy. (*Rathbone* v. *Ayer, No. 1*, 84 App. Div. 184; *Cottrell* v. *Albany Card & Paper Mfg. Co.*, 142 id. 148; *Cox* v. *Leahy*, 209 id. 313.) The Bankruptcy Act itself, section 70 (U. S. Code, tit. 11, § 110), vests in the trustee the title of the bankrupt to " rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property." In this action, moreover, it is not necessary that insolvency result and creditors alone be injured. (*German-American Coffee Co.* v. *Diehl*, 216 N. Y. 57.)

So far as the action is brought on behalf of the corporation, it is not a complete defense to plead that such unlawful dividend still left sufficient assets in the corporation to pay its creditors. The corporation still has suffered damage by the impairment of its capital or capital stock. Nor is it an answer to say that the stockholders may not complain, because they received this payment out of capital. The assets of the corporation belong primarily to the corporation itself, not to its stockholders. (*Saranac & Lake Placid R. R. Co.* v. *Arnold*, 167 N. Y. 368, 374.) A cause of action for impairment of capital stock, therefore, belongs primarily to the corporation. (*German-American Coffee Co.* v. *Diehl, supra.*)

The matters pleaded as the first complete defense are insufficient. They do not in any event meet the charges in the complaint respecting loss to the corporation. So far as the first and partial defense is concerned, this also is insufficient. While set up as a partial defense, it is only so alleged with respect to the quantum of damages prayed for in the complaint. It does not purport by its terms to be partial and related merely to the alleged losses sustained by the creditors, in which event it would perhaps be sufficient.

If in fact the dividend complained of did not impair capital or capital stock of the corporation and did not result in any loss

to it, or the creditors, the defendant may prove such under his denials. As the defenses do not meet the cause of action pleaded, they are insufficient. Plaintiff's motion to dismiss them for insufficiency should have been granted.

We are further of opinion that the court properly granted plaintiff's motion to strike out the second and third partial defenses and setoffs. These seek to apply as a credit against plaintiff's cause of action amounts claimed to be due to the defendant, appellant, Gunder, by virtue of assignments to him of certain indebtedness of the corporation. These are not pleadable as counterclaims in this cause of action. They do not fall within any of the provisions of section 266 of the Civil Practice Act; nor do they come within the purview of section 68 of the Bankruptcy Act (U. S. Code, tit. 11, § 108), as they do not involve mutual debts or mutual credits. " A wrongdoer who has misapplied the subject of a trust is not entitled, either under the Bankruptcy Act or under the rules of equitable set-off, to apply a credit that belongs to him in his own right in cancellation of his liability as a fiduciary." (*Morris* v. *Windsor Trust Co.*, 213 N. Y. 27, 29, 30.)

It follows, therefore, that the order appealed from should be modified by granting plaintiff's motion to strike out the first complete and the first partial defense for insufficiency, and as so modified affirmed, with ten dollars costs and disbursements to the plaintiff.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Order modified by granting plaintiff's motion to strike out the first complete and the first partial defense for insufficiency, and as so modified affirmed, with ten dollars costs and disbursements to the plaintiff.