**INTERNATIONAL TICKET SCALE COR-
PORATION v. UNITED STATES.**
No. 95, Docket 20774.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1948.

David M. Palley, of New York City, for plaintiff-appellant.

Jay Slonim, Asst. U. S. Atty., of New York City (John F. X. McGohey, U. S. Atty., of New York City, on the brief), for defendant-appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

The Revenue Act of 1936, § 14, 26 U.S.C.A. Int.Rev.Acts, page 823, levied a tax upon that part of the corporate net income which had not been distributed as dividends. Cf. New York Stocks, Inc. v. C.I.R., 2 Cir., 164 F.2d 75. Section 26(c) (3) of the same Act, as amended by § 501(a) (2) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, page 344, allows a credit where "the corporation is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits." Moreover, § 501(c) of the latter Act, 26 U.S.C.A. Int.Rev.Acts, page 345, "specifically authorized claims for repayment to be filed within one year after its passage, without regard to any statute of limitations or other designated statutory bars." United States v. Ogilvie Hardware Co., 330 U.S. 709, 713, 714, 67 S.Ct. 997, 999. These are the relevant tax statutes controlling the issue before us.

Plaintiff, a Delaware corporation, is licensed to do business in the State of New York and has its principal place of business in New York City. The Commissioner of Internal Revenue assessed the plaintiff the sum of $2,488.68 as an undistributed profit tax for the calendar year 1936. Plaintiff paid the deficiency, which, with interest, amounted to $3,152.68, and brings this action for a refund of the latter sum, together with interest. It is stipulated that plaintiff's capital was in an impaired condition during the taxable year in question.

Section 34 of the Delaware Corporation Law, Rev.Code 1935, § 2066, permits the payment of dividends out of net profits in case of a capital deficit as we have here. Section 58 of the N.Y. Stock Corporation Law, Consol.Laws, c. 59, however, prohibits the payment of dividends by a domestic corporation where there is an impairment of capital, and § 114 of the same chapter imposes liability upon the officers, directors, and stockholders of a foreign corporation doing business in that state for the making of unauthorized dividends. The decisive question is whether or not the New York prohibition prevails over the Delaware grant of permission.

The leading case dealing with the effect of § 114 of the N.Y. Stock Corporation Law (then § 70) is German-American Coffee Co. v. Diehl, 216 N.Y. 57, 109 N.E. 875. It was there decided that the legislature had both the power and intention of applying to foreign corporations the same prohibitions against unauthorized dividends that were imposed on domestic corporations. Compliance with these provisions is a condition to the right of doing business within the state. This has been consistently adhered to in the New York courts. Hayman v. Morris, Sup., 36 N.Y.S.2d 756; Diamond v. Davis, Sup., 38 N.Y.S.2d 103, 118, affirmed 265 App.Div. 919, 39 N.Y.S.2d 412, 292 N.Y. 552, 54 N.E.2d 683; Irving Trust Co. v. Gunder, 234 App.Div. 252, 254 N.Y.S. 630. And in Irving Trust Co. v. Allen, Sup.Ct., Sp. Term, N. Y. County, July 18, 1934, affirmed 244 App.Div. 788, 280 N.Y.S. 965, it was held that the directors of a Delaware corporation were subject to suit for declaring dividends while the corporation's capital was impaired, despite the defense that such dividends were authorized by the law of Delaware.

The District Court rested its decision merely on a reference to "the reasoning" of Borg v. International Silver Co., 2 Cir., 11 F.2d 147, 151, where the court thought the Diehl principle applicable only when the dividends were also unlawful under the laws of the state of incorporation. The issue there was whether a stockholder could enjoin the sale of treasury stock on the theory that such stock had been retired and hence could not be reissued. The court, in disposing of a "makeweight" argument advanced as an aid in ascertaining the corporate intention, suggested that the law of the state of incorporation should control. At most this was dictum; that it was not

extensive enough to sustain defendant's position here is made clear by the later holdings of this court, accepting the principle of the New York decisions. Firemen's Ins. Co. of Newark, N. J. v. Beha, D.C.S.D.N.Y., 30 F.2d 539, affirmed Firemen's Ins. Co. of Newark, N. J. v. Conway, 278 U.S. 580, 49 S.Ct. 184, 73 L.Ed. 517; In re Burnet–Clark, Ltd., 2 Cir., 56 F.2d 744; Irving Trust Co. v. Maryland Casualty Co., 2 Cir., 83 F.2d 168, certiorari denied Maryland Casualty Co. v. Irving Trust Co., 299 U.S. 571, 57 S.Ct. 34, 81 L.Ed. 421. See also International Harvester Co. v. Wisconsin Dept. of Tax., 322 U.S. 435, 442, 64 S.Ct. 1060, 88 L.Ed. 1373. Accordingly we conclude that the New York prohibition against the declaration of dividends was applicable to this corporation.

■ Defendant nevertheless argues that even though § 114 applies it does not prohibit the corporation from declaring dividends when the capital is impaired, but merely imposes liability on the officers, directors, and stockholders if such be done. This attempted distinction is without merit. "The Legislature meant to extend to foreign corporations transacting business in this state the prohibitions in respect of dividends that earlier sections of the same chapter had already laid on domestic corporations." German-American Coffee Co. v. Diehl, supra, 216 N.Y. 57, 62, 109 N.E. 875. See Irving Trust Co. v. Maryland Casualty Co., supra. Moreover, the prohibition against unauthorized dividends is implemented by §§ 664 and 667 of the N. Y. Penal Law, Consol.Laws. c. 40, declaring that any director who votes for such a dividend is guilty of a misdemeanor. Clearly the intended effect is to prohibit completely the making of unauthorized dividends.

■ "The right to recovery in every case depends ultimately upon whether federal law or federal regulatory bodies, or state law or state regulatory bodies, prohibit payments of dividends." United States v. Ogilvie Hardware Co., supra, 330 U.S. 709, 717, 718, 67 S.Ct. 997, 1001, 91 L.Ed. ——. Suffice it to say that the intent of §§ 501(a) (2) and 501(c) is to relieve those who were caught by the competing compulsions of tax liability, on the one hand, if

they failed to declare dividends, and state prosecution, on the other, if they did. United States v. Ogilvie Hardware Co., supra, 330 U.S. 709, 717, 67 S.Ct. 997, 91 L.Ed. ——. Here New York law prohibited plaintiff from paying dividends while its capital was impaired. Hence it comes within the protective scope of § 501(a) (2) and is entitled to a refund of taxes paid in accordance with § 501(c).

Reversed for judgment for the plaintiff.