JOHN A. ROEBLINGS SONS COMPANY, a Corporation of the State of New Jersey, for the use of William G. Whitley, Assignee of Herbert H. Ward, who was Assignee of the said John A. Robelings Sons Company, a Corporation of the State of New Jersey *vs.* WALTER D. MODE.

*Construction of Statute—Demurrer—Pleading—Individual Liability of Stockholders.*

1. On demurrer the court will consider the whole record and give judgment against the party whose pleadings were first defective in substance.

2. In an action based upon Section 7, Chapter 147. Volume 17, Laws of Delaware, entitled "An Act Concerning Private Corporations," the plaintiff cannot separately sue for and recover his individual claim against the defendant. If it be a common fund, the remedy would be by proceedings in equity, where all persons interested would be made parties and the rights and liabilities of each one could be fully considered and equitably adjusted.

3. Section 41 of the act gives the remedy of an action on the case to any person to whom the officers, directors or stockholders shall be liable under the act for the payment of the debts of the company or any part thereof, but it does not provide such remedy for cases arising under Section 7, whose provisions can only equitably and properly be enforced by proceedings in equity. Section 7 does not make the offending directors liable for the payment of the debts of the company, in terms, and thereby create a separate liability to each creditor, nor does it authorize each creditor to sue separately for his individual claim. It provides broadly that the illegal dividend which constituted a part of the capital stock shall be restored as a part of the common fund to the corporation, if in existence and solvent, and to the creditor in case of its dissolution or insolvency. While in the latter case the funds so recovered go to the liquidation of the indebtedness of the corporation, it is only so applied as capital restored to the corporation, to be distributed as capital, and may not be held for the separate payment of any specific debt, so as to make the company liable over to the person restoring it under Section 42.

(*February 8, 1899.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Herbert H. Ward* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, February Term, 1899.

DEMURRER. Action on the case (No. 179, May Term, 1897). The declaration, in substance, and the pleas are set out in the opinion of the court.

BRIEF of plaintiff :

1. Upon the plea of Not Guilty first pleaded by defendants, issue is joined.

2. As to the pleas demurred to, the second plea is the statute of limitations, in which it is averred that the causes of action did not accrue within *three* years next before the commencement of the suit.

But *Section 7 of Chapter 147, Vol. 17*, under which suit is brought, provides a special statute of limitations for cases brought under it, of *six* years instead of three years provided by *Section 6, Chapter 123, Revised Code*, for actions on the case generally.

3. The third plea is, in effect, that William G. Whitley, to whose use the action appears to have been brought, was not an original creditor of the Kent Iron and Hardware Company, but is, as appears by recital in the narr, assignee of the judgment mentioned in the narr, of Herbert H. Ward, who was assignee of John A. Roeblings Sons Company, with knowledge that the Kent Iron and Hardware Company was insolvent; that he has thus unlawfully meddled with the suit of John A. Roeblings Sons Company ; and that some supposed agreement by which the said William G. Whitley became the holder of the said judgment is void as being contrary to the law of the State of Delaware.

From many standpoints this plea is bad in substance.

4. The fourth plea has the general look of a special traverse, but is hopelessly and substantially bad.

As to the nature of a special traverse, see : *Stephen on Pleading, pages 181-4, 186, 188-9, 195; Gould on Pleading, Ch. 8, Secs. 12, 14, 15, 32, 55, 67; 18 A. & E. Ency. of Law, 548-550.*

5. The fifth plea sets up as a matter of avoidance or discharge, in effect, that the dividend was declared and paid out of

what the defendant, *then* in good faith believed to be surplus or net profits arising from the business of the corporation, and that if the dividend was paid as charged in the declaration, the defendant was ignorant thereof *at the time it was* so paid and declared.

For several reasons this plea must be deemed substantially bad.

*William S. Hilles*, for defendant :

Before discussing the sufficiency of the pleas, it will be respectfully submitted and argued that the declaration of the plaintiff is bad in several particulars.

The proposition will not be denied that upon demurrer the court will look into the whole record, and give judgment against the party whose pleading was first defective in substance.

*Eaton, etc., vs. Jones, 1 Harr., 433; State, etc. vs. Layton, 3 Harr., 348, 355; Derringer's Administrator vs. Derringer's Administrator, 5 Houst., 416, 424.*

1.   It does not appear from the declaration that the Kent Iron and Hardware Company, as a director of which company liability is sought to be enforced against the defendant, was organized or created under the provision of the above act, entitled, "An Act Concerning Private Corporations."

2.   It does not appear from the declaration that the said Kent Iron and Hardware Company was a corporation created under any general law of the legislature of this state.

3.   It does not appear from the declaration that the said Kent Iron and Hardware Company was a corporation created by any law passed after the said act.

4.   It does not appear from the declaration that the said Kent Iron and Hardware Company elected to come under and be subject to the provisions and liabilities of said act by making a certificate as provided in said act.

5.   It does not appear from the declaration that the debt for which judgment was recovered was contracted after the passage of said act.

6. It does not appear from the declaration that the said Kent Iron and Hardware Company was a corporation whose charter could be repealed by the legislature.

7. It appears by the declaration that this court is without jurisdiction to hear the cause made therein.

8. It appears from the declaration that the Kent Iron and Hardware Company was insolvent, and that it was indebted to other persons than the assignor of the plaintiff at the time of such insolvency. There is no remedy given by the act therein mentioned to one creditor of such corporation, the remedy being to "the creditor."

9. It appears from the said declaration that the remedy of the plaintiff is in common with all of the other creditors of the said Kent Iron and Hardware Company, who were not in any way made parties to the proceeding.

10. It appears from the said declaration that the remedy sought therein can only be enforced in a Court of Equity, where all the creditors can be made parties.

11. It does not appear from the declaration what were the debts of the corporation, or what proportion of the dividend claimed to be illegal would be due the plaintiff should he be entitled to recover.

LORE, C. J.:—By an action on the case in this suit, the plaintiff seeks to hold the defendant individually liable for a judgment due to the plaintiff from the "Kent Iron and Hardware Company," an insolvent corporation of the State of Delaware ; upon the ground that the defendant was one of the directors of the said corporation, and participated in an illegal dividend, which was declared and paid, not out of the net earnings or surplus of the company but in diminution of its capital stock.

The declaration of the plaintiff contains four counts ; all of which are substantially the same.

The declaration sets forth, in substance, that the directors of the Kent Iron and Hardware Company, an insolvent corporation of the State of Delaware, on the first day of July, 1891,

declared and paid, a dividend of $9,000.00 ; being six *per centum* on the capital stock of $150,000 ; not out of its net earnings, but in diminution of its capital stock.  That the defendant was one of the directors who made and participated in the dividend. That thereby he became liable, under the statutes of this state, to pay to the plaintiff, a judgment creditor of the said corporation, the full amount of his claim ; being the sum of $630.60, with interest from March 10th, 1894, with the costs of obtaining the judgment against the corporation.

To this declaration the defendant pleads, first, not guilty. Second, three years' statute of limitations.  Third, that William G. Whitley, to whose use the judgment was marked, was not the holder or owner of the judgment ; that he took it with a full knowledge that the company was insolvent, and that he took it unlawfully.  Fourth, that the insolvent Kent Iron and Hardware Company, at the time of the dividend, owed other creditors to the amount aggregating $150,000 ; who were entitled to share with the plaintiff in the amount sued for ; *abseque hoc*, the plaintiff's right to recover.  Fifth, that the dividend was declared in good faith, in the belief that it was out of the net profits ; if otherwise declared, the defendant was ignorant thereof.

Upon the first of these pleas the plaintiff took issue and demurred generally to pleas 2, 3, 4 and 5.  There was joinder in demurrer.  The case now stands upon this general demurrer.

In the argument of the case, the counsel for defendant admitted that the third plea was bad.  It is therefore out of the case.

Under the established rule, that on demurrer the court will consider the *whole* record, and give judgment against the party whose pleading was first defective in substance; the first question which confronts us is, whether the declaration of the plaintiff, is sufficient in substance, to entitle him to maintain this action.

The action is based upon *Section 7, Chapter 147, Volume 17, Laws of Delaware*, entitled "An Act Concerning Private Corporations," and is as follows :

"SECTION 7.  It shall not be lawful for the directors of any bank or moneyed or manufacturing corporation in this state,

or any corporation created under this act, to make dividends, except from the surplus or net profits arising from the business of the corporation, nor to divide, withdraw, or in any way pay to the stockholders, or any of them, any part of the capital stock of said corporation, or to reduce the said capital stock, except according to this act, without the consent of the Legislature; and in case of any violation of the provisions of this section, the directors, under whose administration the same may happen, shall, in their individual capacities, jointly and severally, be liable at any time within the period of six years after paying any such dividend *to the said corporation and to the creditors thereof in the event of its dissolution or insolvency*, to the full amount of the dividend made or capital stock so divided, withdrawn, paid out or reduced, with legal interest on the same from the time such liability accrued;'' the residue of the section provides for the relief of a dissenting director, who may cause his dissent to be entered in the minutes of the directors and published in a public newspaper.

It will be noted, that by express language, the directors' liability, is to the corporation first; but if it be dissolved or insolvent, then to the creditors. This section contemplates the recovery and restoration to the capital of the corporation, of the entire amount thus illegally withdrawn; and to that end each director is made individually liable for such amount. When so recovered and restored, whether at the instance and in the name of the corporation primarily, or in the name and at the instance of the creditors, it becomes at once a part of the capital stock again, to be held and disposed of as such for the benefit of all concerned.

Manifestly this would be so, if the amount was recovered by the corporation itself, before dissolution or insolvency. Of necessity it would then go into the common funds. No other construction seems tenable, if on the other hand the recovery should be at the instance of the creditors after the dissolution or insolvency of the corporation.

Under this view, each creditor would be entitled to his proportinate share thereof, and any action for the recovery of such

illegal dividends or abstracted capital, must contemplate such proportionate distribution.

It cannot be maintained that this declaration contemplates any such distribution. It demands the plaintiff's entire debt out of the alleged illegal nine-thousand-dollar dividend, without respect to any of the other creditors.

It is equally plain, that under this declaration, the plaintiff cannot recover a proportionate share of the said dividend; inasmuch as that share must depend upon the correct ascertainment and adjustment of the claims of all other creditors entitled. Recovery in this action of such proportionate share would be an attempt to determine the rights of such other creditors without any day given to them in court, and without any opportunity to be heard either as to their own claims or those of the plaintiff, and others.

We are unable to find anything in section seven that will enable the plaintiff in this action on the case, or in any other common law action, separately to sue for and recover his individual claim against the defendant. If this be a common fund, the remedy would be by proceedings in equity; where all persons interested would be made parties, and the rights and liabilities of each one could be fully considered and equitably adjusted.

Under this construction, the case comes broadly within the ruling of *Patterson vs. Stewart, 41 Minn., 84,* where the court says: "But we think it will be found generally true that unless a particular remedy is prescribed by statute, the form of the remedy, whether by action at law by each creditor against one or more stockholders or officers, or by bill in equity in which all persons in interest or to be affected are made parties, is made to depend upon the character of the liability. If its object is to create a common fund, limited in amount, for the benefit of all creditors, or all of a particular class, so that if one were allowed to proceed alone he might exhaust the fund or get more than his share; or if the liability is only for the deficiency of corporate assets, or only for the excess of debts contracted over the amount permitted by the charter, so that an accounting is necessary; or

if for any similar reason an action at law would be inadequate to furnish a complete remedy or protect the rights of all persons interested,—the courts have generally held, in the absence of any express statutory provision, that a suit in the nature of a bill in equity, bringing in all interested parties must be resorted to."

This would be conclusive of the case, unless the statute gives the remedy of an action on the case which is applicable to cases arising under section seven. Counsel for the plaintiff in the argument contended with great earnestness and ability, that section forty-one of the act expressly gives this remedy on the case.

"Section 41. When any of the officers or directors of any company, or stockholders thereof, shall be liable by the provisions of this act to *pay the debts* of such company, or any part thereof, *any person to whom they shall be so liable* may have an action on the case against any one or more of the said officers, directors, or stockholders ; and the declaration in such action shall state the claim against the company and the ground on which the plaintiff expects to charge the defendants personally."

Section forty-one, therefore, gives this remedy to any person to whom the officers, directors or stockholders shall be liable under this act for the payment of *the debts* of the company or *any part thereof* ; making them individually liable for the *debts* of the corporation to each and every creditor thereof within its terms.

Such liability might attach to cases arising under section twenty-nine of the act, which forbids the loan of any corporation money to any stockholder or officer thereof ; and provides that "the officers who shall make it, or who shall assent thereto, shall be jointly and severally liable to the extent of such loan and interest, *for all the debts*, of the company contracted before the repayment of the sum so loaned."

It might also attach under section thirty-one, which forbids false certificates, and provides that "all the officers who shall have signed the same shall be jointly and severally liable for *all the debts* of the company contracted while they were stockholders or officers thereof."

In the last named cases the liability to pay the *debt* to the the creditor is specifically created in terms and is for the benefit of the creditors of the company, and is in addition to the liability of the company to pay such debts. In such case, however, any officer, director or stockholder who shall so pay any debt of the company, may recover the same back from the company under section forty-two, which provides, that "Any officer, director, or stockholder of a company who shall pay any *debt* of the company for which he is made liable by the provisions of this act, may recover the amount so paid in an action against the company, for money paid for their use, in which action the property of the company only shall be liable to be taken."

This recovery would seem to be reasonable, since the offending officer in such cases has not impaired the capital of the corporation by his act, but by doing certain forbidden acts has made himself personally liable for the payment of the debts to the individual creditors, and when so compelled to pay to the individual creditor, a debt of the company has thereby been paid and the officer by whom it has been paid may recover it back again.

Section seven does not make the offending director so liable for the payment of the *debts* of the company in terms, and thereby create a separate liability to each creditor, nor does it authorize each creditor to sue separately for his individual claim. The section provides broadly that the illegal dividends which constituted a part of the capital stock, shall be restored as a part of the common fund; to *the corporation*, if in existence and solvent, and to the *creditors* in case of its dissolution or insolvency. While in the latter case the fund so recovered goes to the liquidation of the indebtedness of the corporation, it is only so applied as capital restored to the corporation to be distributed as such capital, and may not be held for the separate payment of any specific debt, so as to make the company liable over to the person restoring it under section forty-two.

There can be no just ground for the claim that such a restitution of capital abstracted would be such a payment of a

debt of the company as to bring it within the scope of sections forty-one and forty-two.

A careful examination makes it clear that section forty-two has no application to capital replaced under section seven. It is equally clear that the action on the case provided by section forty-one does not apply to such restored capital; whether the restoration be made to the company or to the creditors.

In the absence of express provision, it would seem to be unreasonable and inequitable to hold, that when a director had participated in declaring, paying and receiving illegal and unearned dividends, and under section forty-one has been compelled to restore the same to the creditors of the company; that he might then turn round, under section forty-two, and recover back the amount, from the company, as money paid for its use.

We conclude, therefore, that the remedy by action on the case, provided by section forty-one, does not apply to cases arising under section seven; and that the provisions of section seven can only adequately and properly be enforced by proceedings in equity. It follows, therefore, that this declaration is not sufficient in law to support the plaintiff's claim, and that under the demurrer judgment should be entered against the plaintiff.

Under this view of the case it is unnecessary for us to consider the sufficiency of the pleas of the defendant and the questions raised thereunder, as to the three-years statute of limitations; the good faith of the defendant in declaring the dividends; or the sufficiency of the inducement in the *absque hoc* plea. It is equally unnecessary to consider whether the act of assembly applies to corporations generally, and the further point if it does so apply, whether it is unconstitutional.

These questions were all presented and argued with signal ability and exhaustive research; thereby relieving the court of much labor in reaching the true points upon which the case turns.

Let judgment be entered against the plaintiff.