LESLIE M. STRATTON and Others, Trustees in Bankruptcy of CLARENCE SAUNDERS STORES, INC., Appellants, *v.* WILLIAM M. BERTLES, Respondent, Impleaded with HUSTON RAWLS, Defendant.

First Department, April 7, 1933.

*Marcel Levy* of counsel [*Paul Cooksey* and *Prather S. McDonald*, attorneys], for the appellants.

*Carl M. Owen* of counsel [*Jackson S. Hutto* and *Francis B. Delehanty, Jr.*, with him on the brief; *Hornblower, Miller, Miller & Boston*, attorneys], for the respondent.

TOWNLEY, J. This action is brought by the trustees in bankruptcy of a Delaware corporation, Clarence Saunders Stores, Inc., to

recover from defendant, respondent, Bertles, the amount of dividends which the defendant as a director of that corporation is alleged to have participated in declaring in violation of the Delaware statute. The action is based on sections 34 and 35 of the General Corporation Law of the State of Delaware, which are pleaded. The amount sought is $127,975.86. This sum is the aggregate of four allegedly unlawfully declared dividends which were paid out in 1929. During this period the defendant was a director of the company. The dividends were paid out of the capital and not out of surplus or net earnings. The facts are set forth in the complaint showing how the fictitious profits were arrived at and how the declaration of the payments of dividends was unlawful. It is alleged that the non-existence of surplus earnings or profits was well known to the defendant and that his action in authorizing the payment of dividends was either willfully or negligently in violation of the charter, the by-laws and the law of Delaware.

The first separate and complete defense (which is also pleaded as a partial defense) sets up as a plea in abatement that the Delaware statute sued on is a penal statute of a foreign State and is, therefore, not enforcible in the courts of this State. This conclusion is reached by the following reasoning: Prior to March 10, 1899, section 7 of chapter 147 of 17 Laws of Delaware (1883) provided that in the event of a wrongful declaration of dividends out of capital, the creditors, on a dissolution or insolvency, might bring an action to recover the full amount of the dividend illegally declared. This section 7 was construed by the Superior Court of Delaware in the case of Roeblings Sons Co. v. Mode (1 Pennewill, 515; 43 Atl. 480) as providing for an action in equity to recover the wrongfully declared dividend for the benefit of all creditors. The court held that the statute did not provide for an action on the case by a single creditor to recover the full amount of his indebtedness. Thereafter the Legislature in Delaware amended the statute to provide that an action could be brought under it by a single creditor against a director who had participated in the declaration of an improper dividend, to recover on the debt up to the full amount of the dividend improperly declared. (21 Laws of Delaware [1899], chap. 273, § 18.) Sections 34 and 35 of the General Corporation Law of the State of Delaware were derived in part from section 7 of chapter 147 of 17 Laws of Delaware (1883), and section 18 of chapter 273 of 21 Laws of Delaware (1899). The conclusion of the pleader then is that sections 34 and 35 by action of the Legislature have been declared in effect to constitute a penal statute which may be sued upon by each individual creditor for his own benefit

and not as a general equitable claim for the return of the amount of an unlawful dividend to the corporation for the benefit of all creditors.

The relevant part of section 35 of the General Corporation Law of the State of Delaware reads thus: " * * * the Directors under whose administration the same may happen shall be jointly and severally liable, in an action on the case, at any time within six years after paying such unlawful dividend, to the corporation and to its creditors, or any of them, in the event of its dissolution or insolvency, to the full amount of the dividend so unlawfully paid, * * *."

The parallel section of the New York law (section 58 of the Stock Corporation Law, *supra*) is as follows: " * * * the directors in whose administration the same shall have been declared or made * * * shall be liable jointly and severally to such corporation and to the creditors thereof to the full amount of any loss sustained by such corporation or by its creditors respectively by reason of such dividend or distribution."

It is urged that this court should not take jurisdiction of the suit at bar. Section 35 of the General Corporation Law of the State of Delaware, it is claimed, is a penal statute of a kind so different from section 58 of the New York Stock Corporation Law that the Delaware statute should not be enforced here on the principle that the obligation of comity is denied " where a foreign statute is sought to be enforced against a citizen, which has created a liability, or has granted a remedy, unknown to the common law, or contrary to our declared policy." (*Hutchinson* v. *Ward,* 192 N. Y. 375, 381.) The argument is that there is a material difference in policy between making the directors liable for the repayment " to " the entire amount of the illegal dividend and making the directors liable for the full amount of any " loss " sustained by the corporation by reason of an illegal dividend. Defendant relies strongly upon *Merchants' Bank* v. *Bliss* (35 N. Y. 412). In that case the court construed the statute which made the trustees jointly and severally liable *for all the debts of the company* in the case of a wrongful declaration of dividends. However small or trifling the amount of the erroneous dividend, the trustees were subjected to the whole amount of the debts of the company. This was declared a penal statute. It is clear that both the present New York statute and the present Delaware statute are in no wise penal in that sense. The Delaware statute makes the defendant liable for the return to the company of the capital depreciation suffered " to the full amount " of the illegal dividend. The New York statute is somewhat less drastic in that it makes the directors liable for

illegally declared dividends only to the extent that the corporation can show a loss.

The cases in which the Court of Appeals of this State has refused to take jurisdiction of suits in this forum under foreign statutes fixing some sort of liability on stockholders, involve very extreme statutes, such as that interpreted in *Marshall* v. *Sherman* (148 N. Y. 9). In that case the court was considering a Kansas statute. This statute provided, among other things, that plaintiff, having an unsatisfied execution against a corporation, might proceed by action to charge the stockholders with the amount of his judgment. This was held to be a type of action unknown to the common law. The court said that if an action could be maintained at all in New York on such a liability, it must be in such form and by such modes of procedure as stockholders' liabilities created under our own statutes are enforced against our own citizens. The court then said that a single creditor under the Kansas statute would not be permitted to sue a single stockholder for the recovery of a specific sum of money in New York. Another type of case was illustrated by *Bank of China, etc.,* v. *Morse* (168 N. Y. 458). The court refused to take jurisdiction in that case because it held that the statute under which the plaintiff was suing was unequal and oppressive.

At common law the creditors of a corporation have no right to interfere with the company's management and have no cause to complain of wrongful acts, but they may hold the company's agent liable for wasting assets which are needed to satisfy their claim on the ground that this constitutes a misapplication of trust funds. (1 Morawetz Priv. Corp. [2d ed.] § 568, and cases there cited.) Thus it appears that the Delaware statute, in so far as it compels the restoration of property wrongfully distributed to the detriment of creditors, is not unusual or penal in its nature but represents in result, if not in the form of the action, what could have been achieved at common law.

Section 114 of the Stock Corporation Law provides that directors of certain foreign stock corporations transacting business in this State shall be liable to the same extent as directors of a domestic corporation for the making of unauthorized dividends and such liabilities may be enforced in the courts of this State in the same manner as similar liabilities imposed by law upon the directors of domestic corporations. This statute was construed by the Court of Appeals in *German-American Coffee Company* v. *Diehl* (216 N. Y. 57). The court held that the liability under section 114 was in addition to any liability that might be imposed on the directors by the laws of the corporate domicile. It is true that

in the opinion it was said that if the directors " take the corporation out of the State, they may declare dividends as they please," but this statement was made in view of the objection that the statute was attempting to regulate foreign corporations within their domicile in that it gave the corporation rights which it did not have under its original articles of incorporation. There is nothing in the opinion to answer the precise question raised before us, but the opinion recognizes the principle that for many purposes the fiction of corporate residence in the State of origin must be disregarded.

The point raised seems not to have been passed on in this State. The case of *Hutchinson* v. *Stadler* (85 App. Div. 424), which involved this question, was decided on the basis of section 60 of the Stock Corporation Law (Laws of 1890, chap. 564, added by Laws of 1897, chap. 384), now section 114 of the Stock Corporation Law. Two justices sitting in that case considered that as far as the stockholders were concerned, the New York forum would not entertain a suit against directors based on the New Jersey statute. Mr. Justice INGRAHAM based his opinion on the following reasoning: " A receiver representing creditors of a corporation, whose directors have taken a portion of its assets which they were bound to apply to the payment of its debts and applied it for the purpose of distribution among the shareholders, might occupy a different position; but assuming the relation that exists between the corporation and the directors to be that of *cestui que trust* and trustee, the trustee is certainly not responsible to the *cestui que trust* for property paid by the trustee to the *cestui que trust* and to which the *cestui que trust* is entitled."

Two justices, however, took the view that a stockholder's action based on the New Jersey statute should be entertained in this forum. The reasoning of Mr. Justice HATCH was as follows: " In principle the declaration and payment of a dividend from the capital stock creates a liability in favor of creditors of the corporation. Such liability would be contractual in its nature, as the act of declaring and paying from the corporate capital would depreciate the same, be a wrongful distribution of it, and would constitute a breach of the contract with the creditor of the corporation, who dealt upon the faith of the corporate property, and this is so whether such liability be created by statute or rests upon principles of the common law. (2 Thomp. Corp. § 1536, and case cited.) The rule respecting the obligation which the corporation and its directors owe to the shareholders of the corporation is not different and rests upon the same principles. The aggregation of the capital and the creation of the corporation was to accomplish the purpose which such persons had in mind at the time when

the money was contributed and the corporation formed. The obligation then resting upon the corporation and its directors towards its stockholders was to keep its capital unimpaired in order that it might have a continued existence as a going concern and accomplish the purpose designed by its creators. The corporation took the property and money contributed in trust for such purpose and the directors in the management of the corporate enterprise are charged with the obligation in this respect of duties which are fiduciary in character and for the violation of which the corporation may call them to account."

We think the question is still open for decision and we believe that the reasoning of Mr. Justice HATCH should be followed in the present case.

By willfully or negligently paying dividends out of capital, the defendant, respondent, breached the statute of the State of Delaware, the law of New York and the rules of the common law. The Court of Appeals said in *Hazard* v. *Wight* (201 N. Y. 399, 402): " The corporation, therefore, through defendant and Wilcox, while it was a going concern incurring debts and liabilities, gave to a stockholder and director thereof, for the benefit of another stockholder and director, a part of its capital. The defendant thereby violated the statute (Stock Corp. Law [Laws of 1890, chap. 564], sec. 23) and the principles of the common law and became liable in an action at law to the corporation for wasting its assets. It is the established law of this State that the capital of a corporation is regarded as a substitute for the personal liability which subsists in private ownerships and as a fund set apart and pledged for the payment of its debts. While a corporation is continuing its business, seeking credit and incurring liabilities, or while, after it has ceased to do business, it has outstanding liabilities, its directors or stockholders cannot lawfully and with immunity from personal liability to the corporation reduce the capital, which is the product of its capital stock as certified in its incorporating certificate, by appropriating or squandering it or giving it away. (*Bowers* v. *Male*, 186 N. Y. 28; *Ward* v. *City Trust Co.*, 192 N. Y. 61; *Bartlett* v. *Drew*, 57 N. Y. 587; *Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 N. Y. 99; *Matter of Haas Co.*, 131 Fed. Rep. 232.) "

We think that the liability imposed by the statute is not penal in its character but has the sole purpose of making directors compensate for the injury suffered by their wrongful acts.

The first defense is accordingly insufficient and should be stricken out.

The second defense is that the plaintiffs have no right, title or interest in the action. Plaintiffs are trustees in bankruptcy acting

under the orders of the United States District Court, Western Division of the Western District of Tennessee. As such, the trustees represent not only the corporation but all its creditors. The trustees in bankruptcy succeed to the rights of the creditors of the corporation under section 70 of the United States Bankruptcy Act.* This point has been specifically decided against the respondent. (*Cottrell* v. *Albany Card & Paper Mfg. Co.*, 142 App. Div. 148.) The court held in that case that the " unauthorized dividends are in effect property of the corporation unlawfully diverted and as such property recoverable by creditors, or by the trustee in bankruptcy as representing them. * * * The diversion of assets being in bad faith no demand before suit is necessary, and accordingly after bankruptcy the trustee, without more, may sue at once for the recovery of the assets so diverted." The second defense is, therefore, also insufficient.

The third separate defense sets up section 34 of the General Corporation Law of the State of Delaware, which reads in part as follows: " A director shall be fully protected in relying in good faith upon the books of account of the corporation or statements prepared by any of its officials as to the value and amount of the assets, liabilities and/or net profits of the corporation, or any other facts pertinent to the existence and amount of surplus or other funds from which dividends might properly be declared and paid."

The defense of reliance in good faith on the representations of the books of account and statements prepared by the officials of the company being specifically allowed, the defendant may take advantage of it on showing the appropriate facts.

The order should be modified by granting plaintiffs' motion so far as to strike from the answer the first and second special defenses, and as so modified affirmed, with twenty dollars costs and disbursements to the plaintiffs.

FINCH, P. J., MARTIN, O'MALLEY and SHERMAN, JJ., concur.

Order modified by granting plaintiffs' motion so far as to strike from the answer the first and second special defenses, and as so modified affirmed, with twenty dollars costs and disbursements to the plaintiffs.

---

* U. S. Code, tit. 11, § 110.— [REP.