Morris, Trustee in bankruptcy, Appellant, vs. Sampsell
and others, Defendants: O'Connell and another, Re-
spondents.

*February 9—April 27, 1937.*

For the appellant there was a brief by *Gold & McCann* of Milwaukee, attorneys, and *Howard Duane* of Wilmington, Delaware, of counsel, and oral argument by *Ray T. McCann*.

*William Ryan* of Madison, for the respondents.

The following opinion was filed March 9, 1937:

FRITZ, J.  The complaint purports to allege a cause of action in favor of the plaintiff, as the trustee in bankruptcy of the Central Telephone Company, an insolvent Delaware corporation, to enforce the personal liability of the defendants, as directors of that corporation, for dividends paid out of its capital assets, under their administration during the years of 1929 to 1931, in violation of the General Corporation Law of Delaware.  The personal liability of directors for the declaration and payment of dividends contrary to the statutes of Delaware is created by section 35 of its General Corporation Law (§ 2067, Rev. Code Del. 1935).  A demurrer filed by the defendants O'Connell and Schubring was sustained on the ground that no cause of action is stated in the complaint, because the action to recover for such a violation does not lie in a trustee in bankruptcy of the corporation in the event of its insolvency, but vests in its creditors.  The only error assigned by the plaintiff is that the court erred in holding that for that reason the plaintiff did not have legal capacity to recover herein under that section 35, which reads:

"In case of any wilful or negligent violation of the provisions of this section, the directors under whose administration the same may happen shall be jointly and severally liable, in an action on the case at any time within six years after paying such unlawful dividend, to the corporation and to its creditors, or any of them, in the event of its dissolution or insolvency, to the full amount of the dividend so unlawfully paid, with interest on the same from the time such liability accrued."

There is no decision in Delaware construing those provisions since their enactment as section 35. However, in 1899, the statute then in effect on that subject, sec. 7, of ch. 147, vol. 17, of the Laws of Delaware, was construed in *Roeblings Sons Co. v. Mode,* 1 Pennewill (Del.), 515, 43 Atl. 480, 481. In passing upon the right of a single creditor to recover on such liability. That section read :

"In case of any violation of the provisions of this section, the directors under whose administration the same may happen, shall in their individual capacities, jointly and severally, be liable at any time within the period of six years after paying any such dividend to the said corporation, and to the creditors thereof in the event of its dissolution or insolvency, to the full amount of the dividend made, . . . with legal interest on the same from the time such liability accrued."

Those provisions, in so far as they relate to the parties entitled to enforce the liability of directors thereunder, are substantially the same as the provisions quoted above from section 35, excepting that the earlier statute did not provide that the directors were liable "in an action on the case," and that that liability, in the event that it was to the corporation's creditors, was to them "or any of them." The amendment inserting those words "or any of them" after the word "creditors" was evidently made in the statute because the court, in passing upon the directors' liability to creditors under the statute as it then read, held in the *Roeblings Sons Co. Case* that but one of several creditors could not maintain an action to recover for its sole benefit. In thus passing upon the rights of creditors under the statute, Chief Justice LORE said, "It will be noted, that by express language, the directors' liability, is to the corporation first; but if it be dissolved or insolvent, then to the creditors." Thus, as was held in *Rockwood v. Foshay* (C. C. A.), 66 Fed. (2d) 625, 628, the Delaware court construed the statute of that state to mean that the right to recover from directors on account of an un-

lawfully declared dividend was in the corporation if it was solvent and not dissolved, but that in case of its dissolution or insolvency then the liability was to its creditors. That, as the court said in *Rockwood v. Foshay, supra,* in discussing the *Roeblings Sons Co. Case,*—

"Was a legitimate issue to be decided; one of the main questions being whether and to what extent rights in the creditors had been created. This construction of the Delaware court is made still more clear by subsequent language in its opinion: 'Section 7 does not make the offending director so liable for the payment of the debts of the company in terms, and thereby create a separate liability to each creditor, nor does it authorize each creditor to sue separately for his individual claim. The section provides, broadly, that the illegal dividends, which constitute a part of the capital stock, shall be restored as a part of the common fund,—to the corporation, if in existence and solvent, and to the creditors in case of its dissolution or insolvency.'

"It will thus be seen that it is squarely decided that the exclusive right of recovery is in the creditors in case of insolvency."

In respect to the insertion in the later Delaware statute of the words "or any of them," after the word "creditors," which was in both enactments, the court concluded in *Rockwood v. Foshay, supra,* that the clause "or any of them" was applicable only to the nearest antecedent, viz., the word "creditors" and did not also apply to the word "corporation." On that subject the court in *Rockwood v. Foshay, supra,* said in referring to the *Roeblings Sons Co. Case,*—

"In that case, however, it was held that, under the statute as it then existed, a separate right in each creditor was not created, the amount to be recovered being a common fund to be distributed ratably among the creditors as their interests might appear.

"In the light of this holding it seems to us that the language of the subsequent amendment, now in force, has significance. The action on the case was provided to meet the

decision in the *Roeblings Case,* and a right of action was lodged in a single creditor by the words 'or any of them.' These words obviously apply only to creditors and do not include the corporation."

Those conclusions are sound. The contingency specified in the clause, "in the event of its dissolution or insolvency," which in the later statute follows immediately after the words "or any of them," that were inserted therein upon its re-enactment, was obviously intended likewise to be applicable solely to its nearest antecedent clause, viz., "its creditors or any of them." In other words, in the event of that contingency, *i. e.,* the dissolution or insolvency of the corporation, the directors' liability is, as was said in the *Roeblings Sons Co. Case* "then to the creditors," or (by virtue of the amendment upon re-enactment) "any of them." Consequently, it is only while the corporation is solvent and undissolved that the liability in question is to the corporation, and, in the event of its dissolution or insolvency, that liability is exclusively to the creditors of the corporation, or any of them.

In contending that the liability in question vests in the corporation and its trustee in bankruptcy, even in the event of its insolvency, the plaintiff relies upon statements favorable to his contentions, which were made by the court in *Appleton v. American Malting Co.* 65 N. J. Eq. 375, 54 Atl. 454, in construing similar statutes of New Jersey. That case is not as clearly in point as the *Roeblings Sons Co. Case,* because the New Jersey court was not adjudicating the rights of creditors to recover on the statutory liability of the directors, in the event of the dissolution or insolvency of the corporation. It was passing solely upon an undissolved and solvent corporation's right to recover on the directors' liability. But aside from that material distinction, as the decision in that case was solely in relation to a New Jersey statute, and the liability thereunder of the directors of a New Jersey corporation, the construction which was given to that statute is

not applicable to the Delaware statute, in so far as it is in conflict with the construction of the Delaware statute by the Delaware court in the *Roeblings Sons Co. Case* in adjudicating the rights thereunder of a creditor of a Delaware corporation. That construction of the Delaware statute in that case "is as much a part of the statute as if plainly written into it originally, and the court may properly decline to consider, thereafter, the subject of whether such construction was right or wrong." *Eau Claire National Bank v. Benson,* 106 Wis. 624, 82 N. W. 604; *Ruck v. Chicago, M. & St. P. R. Co.* 153 Wis. 158, 140 N. W. 1074; *Courtney v. Croxton* (C. C. A.), 239 Fed. 247; *Courtney v. Georger* (C. C. A.), 228 Fed. 859; *Harrigan v. Bergdoll,* 270 U. S. 560, 46 Sup. Ct. 413, 414, 415. Likewise, the decisions in *Stratton v. Bertles,* 238 App. Div. 87, 263 N. Y. Supp. 466, and *Cottrell v. Albany Card & Paper Mfg. Co.* 142 App. Div. 148, 126 N. Y. Supp. 1070, 1073, are not in point because they are based upon New York statutes or decisions which were not applicable to the rights of creditors under the Delaware statute, and are not controlling in so far as they are contrary to the meaning of that statute as construed in the *Roeblings Sons Co. Case.*

The plaintiff also contends that, by reason of provisions in the Bankruptcy Act, the plaintiff is empowered as a trustee in bankruptcy to maintain this action. The plaintiff argues that such a trustee has greater powers in that respect than a chancery receiver of a corporation, who, as was also held in *Rockwood v. Foshay, supra,* was not entitled to recover on the liability in question because it was exclusively to its creditors, in the event of the corporation's dissolution or insolvency. The provisions in the Bankruptcy Act, upon which the plaintiff relies, are,—

"U. S. C. A., title 11, § 110: (a) The trustee of the estate of a bankrupt, upon his appointment and qualification, . . . shall . . . be vested by operation of law with the title of the

bankrupt, . . . to all . . . (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property.

"U. S. C. A., title 11, § 75 (amended 1910) : (a) (2) . . . and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon : and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

In so far as that provision in section 110 (a) is concerned, it clearly is insufficient to empower the trustee to recover herein because, as the liability, under the Delaware statute, is to its creditors in the event of the corporation's dissolution or insolvency, there is no "title of the bankrupt" in relation to which that provision can operate so as to vest the bankrupt's title in the trustee by operation of law. And likewise, in so far as section 110 (a) provides for vesting in the trustee "rights of action arising upon contracts or from the unlawful taking or detention of, or injury to his property," it is not applicable because the right of action to recover on that statutory liability "in an action on the case," as prescribed by the Delaware statute, is not on an action "arising upon contracts or from the unlawful taking or detention of, or injury to, his [the bankrupt's] property." No recovery upon contracts, or of money or property of the bankrupt corporation, unlawfully taken or detained or injured, is authorized by the Delaware statute, in providing that the directors "shall be . . . liable in an action on the case." In other words, the right of action to recover on the liability in question in the authorized "action on the case" is not one of the kinds of action that are within the terms of that provision in section 110 (a) (11 USCA) of the Bankruptcy Act. On the other

hānd, the 1910 amendment in section 75 (a) (2), of title 11, USCA, that trustees ". . . as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied," is not applicable to a right to recover on the directors' liability, which, as imposed by the Delaware statute, in the event of the corporation's insolvency, is personal to the creditors and not an asset to which the bankrupt then had any title or right whatsoever. *Courtney v. Georger, supra; In re Huffman-Salver Roofing Paint Co.* (D. C.) 234 Fed. 798; *Babbitt v. Read* (C. C. A.), 236 Fed. 42; *Seegmiller v. Day* (C. C. A.), 249 Fed. 177, 179; *In re Associated Oil Co.* (C. C. A.) 289 Fed. 693, 697; *Smith v. Bucyrus Co.* (C. C. A.) 31 Fed. (2d) 514, 515; *Hicklin v. Cummings,* 211 Iowa, 687, 234 N. W. 530, 72 A. L. R. 822; *Tiger Shoe Mfg. Co.'s Trustee v. Shanklin,* 125 Ky. 715, 102 S. W. 295, 31 L. R. A. (N. S.) 365. As the court said in *Smith v. Bucyrus Co., supra,* in relation to the provision last quoted,—

"The amendment to section 47 (a) of the Bankruptcy Act, adopted in 1910 (11 U. S. C. A.) § 75 (a), only conferred upon the trustee in bankruptcy the title of the bankrupt. It did not confer any better title, although it gave to the trustee rights which the bankrupt was estopped to assert."

In stating in that amendment that as to property not in the custody of the bankruptcy court the trustee "shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied," it was not intended to vest in the trustee title or the rights, remedies, and powers which, at the date of the filing of the bankruptcy petition, were personal to the bankrupt's creditors. On the contrary, the purpose and scope of that amendment seem rather to be limited to vesting such title and rights in the trustee in the cases or under the circumstances

stated in 4 Remington, Bankruptcy (4th ed.), p. 275, § 1507, as follows:

"In cases affected by the fraud of the bankrupt towards creditors, as also where there has been some transfer, incumbrance, or holding of the property void as to the bankrupt's creditors or inuring to their benefit by state law, for want of record or otherwise, the trustee succeeds to the rights of any existing creditor already qualified by state law; and, also, as to the property in the custody or coming into the custody of the bankruptcy court, the trustee is to be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon, and, as to the property not in such custody, is to be deemed vested, as of the date of the filing of the bankruptcy petition, with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

In holding that even after that 1910 amendment a trustee in bankruptcy was not vested with a right of action against stockholders to recover on their liability, under a state statute, for amounts unpaid on their stock, when that right was personal to the creditors and not an asset of the bankrupt corporation, the court, in *In re Associated Oil Co., supra,* said, in reference to that amendment,—

"We do not overlook the fact that the trustee now has the rights of a creditor with execution returned unsatisfied; but this was true when the *Courtney Cases* [citations] arose, and we do not understand that it vests in the trustee any right which a creditor has against one who stands practically as guarantor of the bankrupt's debts and that is, in large measure, the position of the stockholders if they are liable to pay as now claimed."

In that connection, the court also said,—

"We first meet the question whether the trustee in bankruptcy has the right to enforce any such liability. As this court decided in *Kiskadden v. Steinle,* 203 Fed. 375, 121 C. C. A. 559, and *Courtney v. Croxton,* 239 Fed. 247, 152 C. C. A. 235, and *Re National Co.* (C. C. A.) 272 Fed. 938,

this question depends upon the statutes and decisions of the state of organization, and the test seems to be whether, under the state laws, such an action vests, on the one hand, in an assignee for the benefit of creditors or an equity receiver, or, on the other hand, accrues to specific creditors. This in turn seems to depend upon whether such a liability is in a fair sense an asset of the corporation. If so, it passes to the receiver or assignee; otherwise, it does not."

And in likewise holding in *Seegmiller v. Day, supra,* that a trustee in bankruptcy of a corporation was not entitled to enforce the liability under a state statute of a director of the corporation for the payment of improperly paid dividends, when that liability was personal to the creditors, and was not an asset of the estate in bankruptcy, the court quoted the following with approval,—

"Under all such statutes it is a self-evident proposition that the party in whose favor the liability is imposed has the right of action to enforce it. . . . Whether a receiver can maintain an action, must depend in the main on the terms of the particular statute. . . . The real test as to this right to sue, would probably depend on the question whether the penalty is made by the statute a part of the corporate assets which it is the duty of the receiver to collect and distribute ratably among all the creditors, or whether the penalty is made a debt due from the directors jointly or severally to any creditor of the corporation." Thompson, Corporations (2d ed.), § 1372.

*Stratton v. Bertles, supra,* and *Irving Trust Co. v. Gunder,* 152 Misc. 83, 271 N. Y. Supp. 795, are cited by the plaintiff in support of his contention that he, as trustee in bankruptcy can maintain this action, by virtue of sections 110 (a) and 75 (a) (2) of title 11, USCA. Although the court held in each of those cases that a trustee in bankruptcy of a Delaware corporation, who was suing to recover from a director, on his statutory liability, on account of unlawfully declared dividends, could recover because he succeeded as such trustee to the rights of creditors of the bankrupt corporation

under the Bankruptcy Act, the court does not appear to have taken into consideration the significant and controlling proposition that, under the Delaware statute, as construed in the *Roeblings Sons Co. Case*, the right to that liability is, upon the dissolution or insolvency of the corporation, personal to its creditors. In apparently overlooking, instead of giving due consideration to that construction, the court in the case of *Stratton v. Bertles, supra*, applied the rule stated in *Cottrell v. Albany Card & Paper Mfg. Co., supra*, that "unauthorized dividends are in effect property of the corporation unlawfully diverted and as such property recoverable by creditors, or by the trustee in bankruptcy as representing them." Under those circumstances the case is not in point. Likewise, the case of *Irving Trust Co. v. Gunder, supra*, is not in point because the action was apparently brought pursuant to the statutes of New York, instead of under the Delaware statute, under which the liability in question is exclusively to its creditors upon the insolvency of the corporation. That material distinction renders inapplicable all cases cited by the plaintiff, in which trustees in bankruptcy were held entitled to maintain actions to recover on liability which existed in favor of the bankrupt corporation, as well as its creditors.

*By the Court.*—Order affirmed.

FOWLER, J. (*dissenting*). If I could agree with the opinion of the court in this case that the court of Delaware in *Roeblings Sons Co. v. Mode*, 1 Pennewill (Del.), 515, 43 Atl. 480, construed the statute involved as denying the right of a trustee in bankruptcy to bring suit to recover such dividends as are herein involved I would agree with the decision herein. But that case does not expressly so hold, and in my opinion does not so hold by implication, and I therefore dissent.

The statute construed provides that directors of a corporation who have wilfully or negligently declared dividends

which have not been paid out of net assets in excess of capital or net profits for the current and the preceding years or one of them, shall be liable "in an action on the case, . . . to the corporation and to its creditors, or any of them, in the event of its dissolution or insolvency to the full amount of the dividend so unlawfully paid." Delaware Gen. Corp. Law, sec. 35 (§ 2067, Rev. Code Del. 1935).

The statute was amended to read as above quoted after the existing statute covering the matter was construed by the Delaware court in *Roeblings Sons Co. v. Mode, supra.* The legislature manifestly amended the statute to obviate the ruling of the court that an individual creditor could not under the statute sue to recover for his sole benefit a dividend paid contrary to the statute. The only change made in the statute was to insert the words "in an action on the case" and the words "or any of them" next after the word "creditors." The purpose and intent of the amendment clearly was merely to give an individual creditor the right to sue in his own behalf, and the amended statute should not be given effect beyond that intent and purpose.

The language of the Delaware court which it is claimed construes the statute as not giving to the plaintiff trustee the right to sue for the dividends alleged to have been wrongfully paid by the defendant directors is the following: "It will be noted that by express language, the directors' liability, is to the corporation first; but if it be dissolved or insolvent, then to the creditors." The context of this statement clearly shows that all the court meant by the statement was that if dividends were declared by the corporation before its insolvency they belonged to the corporation, and if they were declared after insolvency they belonged to the creditors for distribution among all the creditors *pro rata,* and were not to go to any one creditor for his sole benefit as the action before the court assumed they might go. The court ruled that "it cannot be maintained that this declaration [complaint in the

action] contemplates any such distribution" and the action was therefore held untenable. That was the whole point of the case. The inference is plain that under the statute as it then existed, and under the statute as it exists after its amendment, any creditor could sue in behalf of all creditors to recover dividends unlawfully paid as alleged for distribution *pro rata* among all the creditors. That is the precise function of a trustee in bankruptcy. Such trustee represents the creditors of the bankrupt. It is for him first to satisfy their claims against the bankrupt out of the bankrupt's assets. It stands to reason that what a creditor may do in this regard, his representative, the trustee in bankruptcy, may do. Moreover, by section 110 (a), title 11, USCA, such trustee is vested by operation of law with the title of the bankrupt to all "(6) rights of action arising . . . from the unlawful taking . . . of . . . his property." The dividends involved were property of the bankrupt unlawfully taken. The dividends involved were certainly property of the corporation at the time they were taken, and section 75 (a) (2) of title 11, USCA, vests in the trustee "all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied" as to all property not in the custody of the court. It is stated in 2 Collier, Bankruptcy (13th ed.), page 1730, regarding section 110, that "a right of action of a corporation to recover damages accruing because of the misconduct or neglect of duty of a corporate officer passes to the trustee of the bankrupt corporation." In 4 Remington, Bankruptcy (4th ed.), p. 371, § 1547, it is stated that the trustee in bankruptcy as representative of the creditors is vested with "all the possible rights of creditors under state law." Notes in 55 A. L. R. 120, and 76 A. L. R. 894, are to the same effect. It was held in *Stratton v. Bertles,* 238 App. Div. 87, 263 N. Y. Supp. 466, that a trustee in bankruptcy might sue in New York to recover under the Delaware stat-

ute involved, and in *Irving Trust Co. v. Gunder,* 234 App. Div. 252, 254 N. Y. Supp. 630, that such a trustee might sue to recover dividends under a New York statute identical with the Delaware statute as to who may sue. The same was held in *Ulness v. Dunnell,* 61 N. D. 95, 237 N. W. 208, under a North Dakota statute providing for recovery of dividends paid out of capital. I perceive nothing in the Delaware statute to distinguish it from the North Dakota or New York statutes involved in these cases. The case of *Rockwood v. Foshay* (C. C. A.), 66 Fed. (2d) 625, 628, upon which the trial court and the opinion of this court relies, holds that the trustee in bankruptcy cannot bring suit under the Delaware statute involved, but the ruling is based on the proposition that the Delaware court has so construed the statute as to exclude that right, and in my opinion, as first stated, the Delaware court has not so done. To hold that it has so construed the statute is to impute to that court a ruling that defeats the purpose of the statute as declared by the court itself and one that is absurd in its implications. The Delaware decision, so construed, would deny to the corporation the right to bring suit after its dissolution to recover dividends unlawfully paid from capital. Section 40, Delaware Gen. Corp. Law (§ 2074, Rev. Code Del. 1935) expressly gives right to the corporation to bring suits within three years after dissolution to enable them "gradually to settle and close their business." Is it to be inferred that the Delaware court intended to flout this statute and deny to a corporation the right to sue after its dissolution for dividends paid out of capital if such recovery is necessary to enable it to pay its creditors? Also section 43 of the Delaware Gen. Corp. Law (§ 2075, Rev. Code Del. 1935), provides for winding up by the court of the affairs of a dissolved corporation and the appointing of a trustee or receiver "to take charge of the estate" of the corporation and "to collect the debts and property due and belonging to the

company," and to prosecute "all such suits as may be necessary" for those purposes. The construction of the statute involved imputed to the Delaware court would deny the right of a receiver or trustee appointed in such a proceeding to commence a suit to recover from directors dividends paid out of capital stock. Is it to be presumed that the Delaware court intended such effect of its decision? There is no reason to infer that the Delaware decision any more intended to deny the right of a trustee in bankruptcy to bring suit to recover from directors who have paid dividends out of capital than to deny the right to bring such suit in the instances next above cited.

For the reasons above stated, the judgment of the circuit court should in my opinion be reversed.

A motion for a rehearing was denied, without costs, on April 27, 1937.