**John T. DUCKER, Trustee in Bankruptcy, Plaintiff,**

v.

**Terry LOHREY, Defendant.**

**In the Matter of Timothy D. WILLIAMS.**

**Bankruptcy No. 3–80–01951.
Adv. No. 3–82–0804.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 31, 1983.

Thomas M. Baggott, Dayton, Ohio, for defendant.

John T. Ducker, Dayton, Ohio, for plaintiff.

## DECISION

ELLIS W. KERR, Bankruptcy Judge.

### FACTS

Plaintiff, as Trustee for the bankruptcy estate of Timothy D. Williams, brought this adversary proceeding against Defendant, Terry Lohrey, seeking recovery under 11 U.S.C. § 542 on an account receivable in the amount of $4,838.33, owed by the defendant to the debtor, Timothy D. Williams. Defendant asserts the defense of setoff and claims that the debtor owes him $19,325.23. The matter has been submitted to the court on the basis of the parties' memoranda of law and the following "Agreed Statement of Fact":

"Plaintiff and defendant, by counsel, for the purposes of the within litigation only, stipulate and agree that the following are true and accurate statements of fact:

1. Plaintiff is the duly qualified and acting trustee in the within case.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1471 and 11 U.S.C. § 542.

3. The debtor, Timothy D. Williams, operated a grain elevator in addition to his business of selling implement and other material.

4. That defendant, Terry Lohrey, had corn on storage at debtor's business establishment of a value equal to or exceeding the amount of the account receivable sought by plaintiff in the amount of $4838.33.

5. That defendant's corn on storage was held pursuant to a storage arrangement evidenced by grain receipts, a sample copy of which is attached hereto as Exhibit "B" (note upper right hand corner where corn is held on "hold").

6. That the account asserted by plaintiff is evidenced by ledger cards kept in the

ordinary course of business by the debtor, as shown on Exhibit "A" annexed hereto.

7. That prior to the institution of the Bankruptcy proceedings, the debtor and defendant had no conversations concerning offset.

8. That defendant's corn on storage at the debtor's business establishment, was removed by the debtor, with no credit being given to the defendant and was done so without any approval or authority of the defendant.

9. That all relevant evidence heretofore of record in the principal case, may be considered as evidence in this adversary proceeding.

10. It is stipulated that the sole issue before this Court is the legal issue raised, to-wit: is the defense of offset a valid defense to plaintiff's claim?"

## CONCLUSIONS OF LAW

The relevant portion of 11 U.S.C. § 542, which governs turnover of property to the estate, reads as follows:

> (b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, *except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.* [Emphasis Supplied].

In regard to the right of setoff, 11 U.S.C. § 553 provides in part that,

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, *this title does not affect any right of a creditor to offset a mutual debt* owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ... [Emphasis Supplied].

■ The first contention of the Plaintiff-Trustee is that an effective setoff must be accomplished prior to the debtor's filing of a petition in bankruptcy. The Trustee bases his argument on 11 U.S.C. § 362(a)(7), which stays "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." We note initially that 11 U.S.C. § 542(b) explicitly refers to a debt that "may be offset" under section 553. "The use of the phrase *may be offset* clearly contemplates that the setoff right has not been exercised" prior to the filing of the petition in bankruptcy. *In re Carpenter,* 14 B.R. 405, 407 (Bkrtcy.M.D. Tenn.1981).

Further support for a creditor's right to post-petition setoff is found in the legislative history of 11 U.S.C. § 362(a)(7):

> Paragraph (7) stays setoffs of mutual debts and credits between the debtor and creditors. As will all other paragraphs of subsection (a), this paragraph *does not affect the right of creditors. It simply stays its enforcement pending an orderly examination of the debtor's and creditor's rights.* [Emphasis Supplied].

H.R.REP. NO. 595, 95th Cong., 1st Sess. 342 (1977); S.REP. NO. 989, 95th Cong., 2d Sess. 51 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

Thus, the filing of a debtor's petition in bankruptcy does not terminate or destroy a creditor's right of setoff, but merely delays the enforcement of such right. *In re Terry,* 7 B.R. 880 (Bkrtcy.E.D.Va.1980).

\* \* \* \* \* \*

The trustee also maintains that setoff is unavailable to the defendant because the debts of the parties lack the necessary element of mutuality. Frequently cited is the following general discussion of mutuality of obligation in the context of setoff:

> Under Section 553(a) it is not necessary that the debt and claim be of the same character. As we have seen, the doctrine of setoff comprehends debts and claims arising from different transactions. Nor is it necessary that the debts and claims be for money owed the one to the other. The basic test is mutuality, not similarity of obligation—something must be "owed" by both sides. COLLIER ON BANKRUPTCY ¶ 553.04[2] (15th ed. 1983).

The debts in the instant matter appear to satisfy the basic test of mutuality and fit within the classification of mutual debts. Not surprisingly, however, exceptions to this basic test have been created by the courts. The trustee directs our attention to further language contained in Collier's treatise:

> To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity. It has been said that the word "mutual" in former Section 68a and in section 553(a) of the 1978 Act "implies that a person sued in one capacity by a trustee in bankruptcy cannot offset a demand running in another capacity to the person so sued."
>
> . . . .
>
> In general, where the liability of the *one claiming a setoff arises from a fiduciary duty* or is in the nature of a trust, the requisite mutuality of debts does not exist, and *such person may not set off a debt owing from the debtor against such liability.* [Emphasis Supplied]. *Supra,* at ¶ 553.04[3].

The trustee's assertion of lack of mutuality is premised, then, on the fact that the debtor's liability to defendant arose as a result of a breach in fiduciary duty owed the defendant by the debtor.

At the outset, it should be noted that the general proposition, put forth above, regarding a fiduciary duty, refers to *the one claiming the set off* as having a liability arising from a fiduciary duty. In the instant matter, the defendant, who is claiming the setoff, does not have a liability arising from a fiduciary duty. Rather, the debtor, against whom the offset is being asserted, was the individual with the fiduciary duty from which his liability arose.

Case law [1] precludes an individual, who has breached his fiduciary duty, from off-setting the arising liability against the claim of another, who has been harmed by such breach. Frequently, the theoretical basis for this rule, which denies setoff, is that the claims and liabilities are held in *inconsistent relations,* because of the existence of a trust relationship, and thus, mutuality of debt is lacking. If this is the true rationale for the rule, logic would seem to dictate that it is irrelevant whether the individual, who claims the setoff, is the one who breached the fiduciary duty or the one to whom the fiduciary duty was owed. In both instances it may be argued that inconsistent relations exist.[2] However, there is reason to suspect that the rule forbidding setoff in these cases may not actually be grounded on concepts of mutuality. It seems to us that courts may have simply implemented an equitable policy of denying setoff to a wrongdoer, which is consistent with the well-known equitable doctrine of "clean-hands." The following passage by Justice Cardoza appears more telling than the formalistic discussions of mutuality found in the case law:

> "I think the set-off is without sanction, either statutory or equitable. A wrongdoer who has misapplied the subject of a trust is not entitled, either under the Bankruptcy Act or under the rules of equitable set-off, to apply a credit that belongs to him in his own right in cancellation of his liability as a fiduciary." *Morris v. Windsor Trust Co.,* 213 N.Y. 27, 106 N.E. 753, 33 Am.B.R. 283 (1914).

We are unable, then, to conclude that case law indicates that a lack of mutuality should be found when an "innocent" party in a fiduciary relationship seeks to assert the right of setoff.

Although formal logic may dictate that setoff be denied *either* party, where

---

1. *See, e.g., Arkansas Fuel Oil Co. v. Leisk,* 133 F.2d 79, 51 Am.B.R. (N.S.) 254 (5th Cir.1943); *Irving Trust Co. v. Gunder,* 234 A.D. 252, 254 N.Y.S. 630, 20 Am.B.R. (N.S.) 601 (N.Y.App. Div.1932); *Lynchburg Motor Co. v. Thomasson,* 141 Va. 153, 126 S.E. 64, 5 Am.B.R. (N.S.) 582 (1924); *In re Harper,* 175 F. 412, 23 Am. B.R. 918 (D.N.D.N.Y.1910).

2. We have been unable to locate in the case law a discussion of this proposition. All of the cases reviewed by us involved an attempted setoff by the one breaching the fiduciary duty.

inconsistent relations are found to exist, We have no difficulty in finding that, in the instant case, such a denial of setoff would plainly exalt form over substance. Here, the defendant has done nothing culpable to put himself in his current position. He deposited corn on storage with a grain dealer. The grain dealer, without the authorization of the defendant, removed the corn and failed to credit the defendant's account. Now the trustee, in the shoes of the debtor, is attempting to collect on an account receivable due the debtor from the defendant. In short, the defendant is being requested to pay his debt in full and accept a dividend on his claim against the debtor. To require the Defendant to make such a payment under the circumstances of this case is clearly at odds with any notions of equity of which we are aware.

The Answer includes a prayer that the Court find that the Plaintiff as Trustee owes Defendant $14,486.90. The pleading is not designated a Cross-Complaint. Further, the Stipulations state the sole issue is whether the defense of offset is a valid defense to Plaintiff's claim. Therefore, there is not before the Court the issue of whether Plaintiff as Trustee owes the Defendant any money.

The Court finds the defense of offset is a valid defense to Plaintiff's claim.

For the foregoing reasons the prayer of the Complaint must be denied. Judgment shall be rendered by separate document as required by Rule 921, Rules of Bankruptcy Procedure.