**In re Kenneth Dobbie WARREN, Debtor.**

**CO–ADMINISTRATORS OF the ESTATE OF O.P. WARREN and O.P. Warren, Inc., Movants,**

**v.**

**Kenneth Dobbie WARREN and Richard Marshack, Trustee, Respondents.**

**Bankruptcy No. SAX 87–03771 JR.**

United States Bankruptcy Court, C.D. California.

May 20, 1988.

Richard L. Haeussler, Newport Beach, Cal., for Richard Marshack, Trustee.

Lance R. Cote of Hannen & Cote, Irvine, Cal., for Estate of O.P. Warren.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

### JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### STATEMENT OF FACTS

On March 3, 1983, Orren P. Warren died. His estate (the "Estate") became the subject of the probate *Estate of Orren P. Warren, etc.*, Orange County Superior Court case number A–11773. On May 4, 1983, the probate court appointed debtor as executor of the Estate. However, on August 14, 1985, as a result of his malfeasance, the probate court removed debtor as executor of the Estate and appointed movants in his place. Debtor subsequently filed a final accounting and petition for settlement of the Estate in the probate court. Movants filed objections to this accounting and sought to surcharge the debt-or and his share of the Estate for amounts dissipated as a result of his malfeasance.

Prior to the ruling on the objections and requests for surcharge, the probate court consolidated the matter with a pending action by the Estate against debtor and Warren Development for dissolution and accounting of Warren Development and for breach of contract and fiduciary duties.

On June 19, 1987, debtor filed his petition under Chapter 7 of the Bankruptcy Code. On December 1, 1987, movants sought relief from the stay to permit the probate court in the consolidated action to appoint a referee to resolve the accounting issues and to impose a surcharge on the debtor. At that hearing, I denied the requested relief on the grounds that the consolidated action involved issues that had to be tried by a jury which would unduly delay the bankruptcy.

On January 19, 1988, movants had the probate proceeding severed from the partnership dissolution action. Movants subsequently brought a motion for relief from stay (the "Motion") to proceed with the probate proceeding to determine movants' right to offset any surcharge attributable to debtor's malfeasance in administering the Estate against his inheritance distribution. I heard the Motion on March 21, 1988 and took the matter under submission to determine if setoff was appropriate under the circumstances.

### DISCUSSION

■ 11 U.S.C. § 553(a) provides in part ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

As stated in *Collier on Bankruptcy* ¶ 553.06 (15th ed. 1988) "... whether a setoff of existing obligations may be affected or sustained in bankruptcy depends upon the terms of § 553, and not upon the terms of state laws or statutes." For setoff, the debts must be mutual. To be

mutual, the debts must be in the same right and between the same parties. See *In re Visiting Home Services, Inc*, 643 F.2d 1356, 1360 (9th Cir.1981). In other words, debts are not mutual if the parties acted in different capacities.

 This is the situation here. Movants seek to offset debtor's obligation to the Estate resulting from his malfeasence while acting as trustee of the Estate against debtor's beneficial share in distributions from the Estate.

Ordinarily, setoff is denied in this situation for lack of mutuality. However, at least one court has held that where the creditor's claim is based on the debtor's breach of a fiduciary duty or violation of a trust, setoff should be allowed because it would be unfair to deny this relief on equitable grounds. *Ducker v. Lohrey*, 33 B.R. 973 (Bankr.S.D.Ohio 1983).

In *Ducker*, the bankruptcy trustee brought a turnover action to recover an account receivable owed by a creditor to the debtor. The creditor, who had stored grain in the debtor's elevator, sought to offset amounts he owed to the debtor against amounts that were owed to him resulting from debtor's unauthorized sale of his grain. The *Ducker* court affirmed the general rule that an individual who had breached his fiduciary duty was precluded from offsetting liability from the breach against the claim of the person injured by the breach. The court said that

> [t]here is reason to suspect that the rule forbidding setoff in these cases may not actually be grounded on concepts of mutuality. It seems to us that courts may have simply implemented an equitable policy of denying setoff to a wrongdoer, which is consistent with the well-known equitable doctrine of "clean-hands"....
> We are unable, then, to conclude that case law indicates that a lack of mutuality should be found when an "innocent" party in a fiduciary relationship seeks to assert the right of setoff.
> Although formal logic may dictate that setoff be denied either party, where inconsistent relationships are found to exist, we have no difficulty in finding that,

in the instant case, such a denial of setoff would plainly exault form over substance.

*Id.* at 976–977.

I am not inclined to follow *Ducker*. Due to debtor's malfeasance as trustee of the Estate, the Estate may have a claim against debtor's bankruptcy estate. Other creditors, however, have claims against this estate. If I lifted the automatic stay and allowed the probate court to offset the Estate's claim against debtor, the Estate would obtain thereby a preference over other creditors. Section 553 is an exception to the general rule in bankruptcy that creditors are to be treated equally. An exception to this fundamental principle should be narrowly construed. In this case, a valid setoff does not exist. I see no persuasive equitable reasons why I should expand the scope of § 553 to encompass the Estate's claim or create an equitable remedy just to prefer the Estate over other creditors. Accordingly, the Motion is denied.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.