In re CHATAM, INC. a/k/a
Chatham, Inc., Debtor.

Daniel L. Bakst, Trustee in
Bankruptcy for Chatam,
Inc., Plaintiff,

v.

Stephen J. Dellaquila; Donna Lord
Dellaquila a/k/a Donna Lord;
et al., Defendants.

Bankruptcy No. 96–32589–BKC–SHF.
Adversary No. 97–0498–BKC–SHF–A.

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

Oct. 12, 1999.

Jose Francisco De Leon, U.S. Department of Justice, Washington, D.C., for The United States of America.

Michael Bakst, Bakst, Cloyd & Bakst, P.A., West Palm Beach, FL, for plaintiff.

Leslie Scott Osborne, Furr and Cohen, p.A., Boca Raton, FL, for the Dellaquilas.

John H. Gregory, Welbaum Guernsey et al., Coral Gables, FL, for purported creditor, Insurance Company of North America.

### ORDER DENYING RENEWED MOTION BY DEFENDANT UNITED STATES OF AMERICA FOR LEAVE TO AMEND ANSWER

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS MATTER came on to be heard on September 28, 1999, upon the Renewed Motion for Leave to Amend Answer ("Renewed Motion") filed by Defendant United States of America ("Defendant"). Defendant filed its first Motion for Leave to Amend Answer on December 23, 1997. This Court denied that Motion in an Order entered January 23, 1998, ruling that the time for the Defendant to amend its answer had "long since passed." Defendant's Renewed Motion is all the more dilatory. Furthermore, the proposed amendment would be futile as a matter of law and prejudicial to other parties to this case. For these reasons, Defendant's Renewed Motion is denied.

The Debtor, Chatam, Inc., filed a voluntary Chapter 7 petition on June 25, 1996.

The duly appointed Trustee, Daniel L. Bakst, filed this adversary proceeding on May 9, 1997, seeking to avoid fraudulent transfers consisting of payments made by the Debtor to the Internal Revenue Service ("IRS") on behalf of Stephen and Donna Dellaquila ("the Dellaquilas"), for federal income taxes due by the Dellaquilas. Defendant filed an answer on June 18, 1997, admitting that the IRS received payments in the aggregate amount of $246,-941.04 on account of the personal federal income tax liabilities of the Dellaquilas. On September 5, 1997, the Trustee filed a Motion for Summary Judgment, which this Court granted in an Order entered December 8, 1997 ("Summary Judgment Order"). The Defendant filed a Motion for Leave to Amend Answer on December 23, 1997, seeking to raise as an affirmative defense that it was entitled to retain the $246,-941.04 it received from the Debtor in partial satisfaction of the federal income tax liabilities of Della Industries, Inc. ("Della"), a corporation allegedly closely related to the Debtor which purportedly made a pre-petition fraudulent transfer to the Debtor. This Court denied the Defendant's Motion for Leave to Amend Answer on January 23, 1998. Defendant's Renewed Motion, filed August 3, 1999, proposes an amendment identical to the one proposed in the earlier motion.

◼ The Defendant argues in its Renewed Motion that FED.R.CIV.P. 15(a) mandates liberality in granting leave to amend pleadings. Rule 15(a) states that "leave shall be freely given when justice so requires." However, as noted by the Fifth Circuit in *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir.1961), this provision "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." In exercising its discretion to permit amendment of pleadings, the

Court should consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *See Int'l Ship Repair and Marine Serv., Inc. v. St. Paul Fire and Marine Ins. Co.*, 944 F.Supp. 886, 895 (M.D.Fla.1996) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

◼ At least three of these factors are present in the instant case. The Defendant's Renewed Motion was filed nearly two years after the Court entered summary judgment against Defendant. This clearly constitutes undue delay. *See Illinois Conference of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1368 (7th Cir. 1995) ("It is well established that the presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after the entry of judgment."); *White v. Moulder*, 30 F.3d 80, 83–84 (8th Cir.1994) (holding plaintiff was guilty of undue delay in filing motion to amend complaint 11 months after complaint was filed and after district court granted summary judgment for two defendants); *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 623 (11th Cir.1983) (affirming denial of leave to amend pleadings after entry of summary judgment); *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117 (5th Cir.1982) (affirming denial of leave to amend answer more than a year after suit had been filed and after entry of summary judgment).

Furthermore, amendment of Defendant's answer would prejudice the Trustee and purported creditor Insurance Company of North America ("INA"). The Court has scheduled a hearing for October 18, 1999, at which it will schedule a final trial in this adversary proceeding. If Defendant were allowed to add the proposed affirmative defense, the Court would have to reopen discovery on the eve of trial,

thereby prejudicing the Trustee and INA. Additionally, the Trustee would be further prejudiced if he were forced to litigate issues which had already been decided in his favor in the Summary Judgment Order.

Finally, Defendant's proposed amendment would be futile as a matter of law. The proposed amendment is an attempt to offset the liability the Defendant owes to the estate by reason of the fraudulent transfer against the federal income tax liabilities of Della. Such "triangular setoffs" are not permitted under 11 U.S.C. § 553. *See* 5 COLLIER ON BANKRUPTCY ¶ 553.03[3][b] (15th ed.rev.1999) (*citing Sherman v. First City Bank of Dallas,* 893 F.2d 720, 723 (5th Cir.1990); *In re Elcona Homes Corp.,* 863 F.2d 483, 486 (7th Cir. 1988); *Wooten v. Vicksburg Refining, Inc.,* 95 B.R. 404, 411 (Bankr.W.D.La.1988)). One of the threshold requirements for setoff under Section 553 is that the relevant claim and debt exist between the same parties. *See id.* Even if a party and another entity are closely related, as the Debtor and Della allegedly are in this case, their claims and debts may not be aggregated for purposes of setoff. *See id.* Since the Defendant did not file a claim against the estate, it has nothing against which to offset the liability it owes to the estate. In the Renewed Motion, the Defendant argues that it is entitled to retain the fraudulent transfer because "notices of federal tax liens have been filed securing the federal income tax liabilities of Della Industries, Inc. . . . " The Defendant is apparently trying to equate federal tax liens against Della with a claim against the estate. Such an equation is impermissible as a matter of law. *See id.* The Defendant failed to file a claim before the claims bar date and therefore has no claim against the estate. Furthermore, even if the Defendant did have a valid claim against the estate, the proposed amendment would still be futile because under Section 553, a liability owed to the estate by reason of a fraudulent transfer cannot be offset against a claim against the estate. *See id.* ¶ 553.03[3][e] (*citing, e.g., Wyle v. C.H. Rider & Family,* 944 F.2d 589, 593–94 (9th Cir.1991); *Bustamante v. Johnson,* 934 F.2d 662, 667 (5th Cir.1991); *Goldstein v. McLean Bank,* 552 F.2d 1072, 1076 (4th Cir.1977); *United States v. Roth,* 164 F.2d 575, 579 (2d Cir.1948)).

For the foregoing reasons, it is hereby

**ORDERED** that the Defendant's Renewed Motion for Leave to Amend Answer is DENIED.