**In re David B. McKAY, Debtor.**

No. 6:08–bk–11153–ABB.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Dec. 9, 2009.

William M. Reed, Clermont, FL, for Debtor.

### ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the: (i) Objection to Claim 8–1 and Objection to Claim 10–1 (Doc. Nos.32, 33) filed by the Debtor David B. McKay ("Debtor"); (ii) the Motions and Amended Motions for Relief from the Automatic Stay (Doc. Nos.46, 47, 49, 50) filed by the Estate of Patricia A. McKay and McKay Properties, LLC (collectively, "Movants"); and (iii) the parties' respective responses to these pleadings (Doc. Nos.43, 44, 48). Also pending are the Objections to Confirmation (Doc. Nos.22, 64, 67) filed by Movants. An evidentiary hearing was held on August 18, 2009 at which the Debtor, his counsel, counsel for the Chapter 13 Trustee, and counsel for and representatives of Movants appeared. The parties, pursuant to the Court's directive, filed post-hearing briefs and supporting case law (Doc. No. 71).

The Debtor's Objections to Claims are due to be sustained. The Estate's Motion for Relief from Stay is due to be denied and McKay Properties' Motion for Relief from Stay is due to be granted in part. The Objections to Confirmation are interlinked with the matters presented at the evidentiary hearing and are ripe for determination. They are due to be overruled and a final confirmation hearing is due to be set. The Court makes the following findings and conclusions after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

### Introduction

The Debtor filed this case on November 24, 2008 ("Petition Date"). The claim,

plan, and confirmation objections and stay relief motions at issue are all intertwined with the Debtor's parents' probate proceedings. Kenneth J. McKay ("Kenneth"), the Debtor's father, died prepetition and the probate of his estate is pending in Louisiana. Patricia A. McKay ("Patricia"), the Debtor's mother, died post-petition on December 10, 2008 and the probate proceeding of her estate is pending in the Probate Court of Dallas County, Texas ("Texas Probate Court"), captioned *In re Estate of Patricia A. McKay, Deceased*, Cause No. 09–181–3 ("Patricia Estate"). The Debtor's sister, Anna Catherine McKay Edmunds, has been appointed the Independent Executor of the Patricia Estate.

McKay Properties, LLC ("McKay Properties") is a closely-held Louisiana limited liability company which was formed after the death of Kenneth as a vehicle for distributing the assets of and recovering the debts owed to Kenneth to and from his heirs. McKay Properties owns the Highland Place Shopping Center in Baton Rouge, Louisiana and generates income through the leasing of commercial space to tenants. The Debtor has a 1/6 ownership interest in McKay Properties.

The Debtor's sole sources of income are periodic distributions from the Patricia Estate and McKay Properties. The distributions and the Debtor's ownership interest in McKay Properties constitute assets of his bankruptcy estate. 11 U.S.C. §§ 541(a)(5)(A), 1306(a)(1). Movants assert they are entitled to set off the distributions against the debts owed by the Debtor. They contend their claims constitute secured claims by virtue of their setoff rights. Movants focused on the issue of setoff in their presentations, but they contend in their pleadings, as alternate grounds for relief, they have rights of recoupment.

## I. THE PATRICIA ESTATE

### *Claim Objection*

The Patricia Estate filed Claim No. 8–1 asserting a secured claim of $47,683.46. It contends it is entitled to interest at the rate of 8.0% per annum and reasonable attorneys' fees and costs if the Debtor is entitled to distributions or bequests from the Patricia Estate in excess of $47,683.46. The claim relates to two loans made by Patricia to the Debtor or his company Cellular Outfitters, Inc. prepetition: (i) $28,000.00 on June 23, 2005; and (ii) $22,000.00 on June 30, 2005 (collectively, the "Patricia Loans").

The Patricia Estate asserts, pursuant to its Cash Flow Data sheet (Patricia Estate Exh. 5), interest accrues on the Patricia Loans at the rate of 8.00% per annum and the balance owed on the Petition Date was $47,683.46. The original interest rate was 5.00% and the rate increased to 8.00% on January 1, 2006 without explanation. No promissory notes or security agreements documenting the Patricia Loans were executed.

The Debtor stipulated he owes the amount of $47,683.46 for the Patricia Loans, but disputes the secured nature of Claim No. 8–1. He asserts in his Objection the "claim may not account for tax payments made by the Debtor through its payroll company." He presented no documentation of tax payments or establishing a basis for a reduction of the claim amount.

The Patricia Estate asserts the Patricia Loans are secured by a right of setoff, offset and/or recoupment against the Debt-

or equal to any distribution or bequest to which the Debtor may be entitled from the Patricia Estate. The Last Will & Testament of Patricia A. McKay executed by Patricia on November 12, 2007 was admitted to probate by the Texas State Court without objection (Patricia Estate Exhs. 1, 2). Article II of the Will makes specific bequests of Patricia's tangible personal property, principal residence, and mineral rights and interests to the Debtor and his siblings (Patricia Estate Exh. 1, Article II, ¶¶ A, C, E). The specific bequests are conditioned upon the repayment of loans made by Patricia to the Debtor and his siblings:

> Prior to the time that any of the above and foregoing bequests are given effect, I direct that my Executor collect ... from David Blaine McKay on the other hand all amounts owed by them to me ... Further, I have loaned the sum of $50,000.00 to David Blaine McKay. My Executor is directed to determine the outstanding balance, if any, of each such debt, and to collect such outstanding balance prior to making any distribution to either Anna Katherine McKay Edmunds, Claire McKay Beach, or David Blaine McKay.

*Id.,* Article II, ¶ F. Article III of the Will addresses disposition of the residuary estate:

> I give my residuary estate, which shall not include any property over which I have power of appointment, *per stirpes,* to my children who are then living at my death; provided, however, that if any such beneficiary has not reached legal age under the law of the jurisdiction in which that beneficiary is domiciled at the time of distribution under this Article, then distribution of his or her share shall be made instead to the legal guard-

ian of such beneficiary as custodian for that beneficiary under the Texas Uniform Gifts to Minors Act, and all provisions of that Act as they exist at the time of this will shall apply to the distribution.

*Id.,* Article III. The distribution of the residuary estate, unlike the specific bequests, is not subject to a debt repayment contingency.

The Patricia Estate contends the Debtor's outstanding indebtedness from the Patricia Loans and the contingency clause of Article II, Paragraph F of the Will create a right of set off and/or recoupment in favor of the Patricia Estate. Sections 506(a) and 553 of the Bankruptcy Code govern this issue. Section 506(a)(1) provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. § 506(a)(1). Section 553(a) provides:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ....

11 U.S.C. § 553(a). "The term 'debt' means liability on a claim." 11 U.S.C. § 101(12). "Claim" is broadly defined to mean a "right to payment ..." or a "right to an equitable remedy for breach of performance...." 11 U.S.C. § 101(5).

### Setoff

■ Section 553(a) preserves the common law right of setoff. "The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). "The Bankruptcy Code is explicit that questions of setoff are governed exclusively by section 553 of the Bankruptcy Code." *Woodrum v. Ford Motor Credit Co. (In re Dillard Ford, Inc.)*, 940 F.2d 1507, 1512 (11th Cir.1991); *In re OLM Assocs.*, 98 B.R. 271, 277 (Bankr. N.D.Tex.1989) (holding "a setoff of existing obligations in a bankruptcy forum depends upon the terms of § 553, and not upon the terms of [Texas] state laws or statutes.").

■ Three elements must be present for the right of setoff to arise pursuant to the plain and unambiguous language of Section 553(a): (i) the parties must have mutual debts owing to each other; (ii) the debts arose prepetition; and (iii) the setoff cannot fall within the three exceptions of Sections 553(a)(1), (2), or (3). 11 U.S.C. § 553(a); *In re Dillard Ford, Inc.*, 940 F.2d at 1512. The debt must involve the same parties. "Even if a party and another entity are closely related ... their claims and debts may not be aggregated for purposes of setoff." *In re Chatam, Inc.*, 239 B.R. 837, 840 (Bankr.S.D.Fla. 1999). The Patricia Estate has the burden to establish it has a right of setoff pursuant to 11 U.S.C. Section 553(a). *In re Dillard Ford, Inc.*, 940 F.2d at 1512. Setoff pursuant to Section 553 is not mandatory, but is permissive and within the discretion of the Court. *In re Tower Envtl., Inc.*, 217 B.R. 933, 937 (Bankr.M.D.Fla. 1997).

The elements of setoff are not present. The parties do not owe mutual prepetition debts to each other. The Debtor's indebtedness of $47,683.46 arose from prepetition loans made by Patricia. The Debtor is entitled to distributions from the Patricia Estate, which came into being after Patricia's post-petition death. There is no mutuality of time between the loan debt and the Debtor's inheritance claim. 11 U.S.C. § 553(a); *Braniff Airways, Inc. v. Exxon Co., U.S.A. (In re Braniff)*, 814 F.2d 1030, 1036 (5th Cir.1987) (holding "[t]he mutuality element is lacking if a party attempts to setoff a pre-petition debt against a post-petition claim."); *In re Lott*, 79 B.R. 869, 870 (Bankr.W.D.Mo.1987) (allowing setoff where debtor's indebtedness to grandfather's probate estate arose prepetition and grandfather passed away prepetition).

■ Setoff, even if the elements of Section 553(a) are present, is not allowable where it "would be contrary to the policy behind the Bankruptcy Code or if its effects will be inconsistent with the Bankruptcy Code provisions." *In re Banderas*, 236 B.R. 841, 848 (Bankr.M.D.Fla.1999). The potential impact on creditors is relevant in a setoff analysis. *In re Warren*, 93 B.R. 710, 712 (Bankr.C.D.Cal.1988). The Patricia Estate has not challenged the dischargeability of the $47,683.46 debt. The debt is dischargeable in bankruptcy and a pro rata portion of it will be paid pursuant to the Chapter 13 Plan. To allow the Patricia Estate to offset its claim against the Debtor, would violate the fundamental

bankruptcy principle of equal distribution among creditors. *Id.* at 712.

None of the cases relied upon by the Patricia Estate are supportive of its position. Each case presented in its List of Authorities involves facts inapposite to the facts of this matter. The Patricia Estate relies in particular on this Court's decision *In re Carpenter,* 367 B.R. 850 (Bankr. M.D.Fla.2006). Its reliance on this decision is misplaced. The *Carpenter* matter involved facts that fell squarely within the ambit of Section 553(a). The Carpenters had overpaid their income taxes for pre-petition tax years and were owed refunds of $70,828.00 by the IRS. They owed the IRS income taxes of $28,835.00 for certain prepetition tax years. The parties owed mutual prepetition debts to each other which created a right of setoff in favor of the IRS. The IRS had an allowed secured claim of $28,835.00. The IRS' right of setoff did not include the Carpenters' post-petition income tax indebtedness because such indebtedness was not a prepetition debt.

### Recoupment

■■■■■ The Patricia Estate asserts, alternatively, it has a common law right of recoupment it can exercise against the Debtor's inheritance rights. The equitable doctrine of recoupment "is a more distinctive and limited type of setoff right." *Matter of Aquasport, Inc.,* 155 B.R. 245, 249 (S.D.Fla.1992). Recoupment involves a single contract or integrated transaction and is asserted in the nature of a defense. *In re Affiliated of Fla., Inc.,* 258 B.R. 495, 499 (Bankr.M.D.Fla.2000). "[R]ecoupment requires that the mutual obligations involved arise out of the same transaction or occurrence, regardless of whether the respective claims both arose pre- or post-petition." *In re SunCruz Casinos LLC,* 342 B.R. 370, 379 (Bankr.S.D.Fla.2006). The doctrine "is 'narrowly construed' in bankruptcy cases because it violates the basic bankruptcy principle of equal distribution to creditors." *Conoco, Inc. v. Styler (In re Peterson Distrib., Inc.),* 82 F.3d 956, 959 (10th Cir.1996) *(citation omitted ).*

■■■■■ The Patricia Estate must establish the three elements of recoupment by a preponderance of the evidence: (i) the debtor's claim and the creditor's claim arose from the same transaction; (ii) the creditor is asserting its claim as a defense; and (iii) the "main action" is timely. *Smith v. American Fin. Sys. Inc. (In re Smith),* 737 F.2d 1549, 1553 (11th Cir. 1984). "To qualify as recoupment a cause of action must be asserted defensively." *Id.* at 1554.

The doctrine of recoupment is not applicable. There is no integrated transaction and the Patricia Estate asserts recoupment not defensively, but as a basis for affirmative relief. The Patricia Estate is attempting to collect the Patricia Loans from the Debtor through the Chapter 13 claims process. It asserts the right of recoupment as a basis for its secured claim, for relief from the automatic stay, and objection to the Debtor's Plan. It is using recoupment not defensively, but as an action for affirmative relief.

■■■■■ The Patricia Estate does not have a right of setoff or recoupment against the Debtor. It has not established it has a secured claim. The Debtor's Objection to Claim No. 8–1 is due to be sustained. The Patricia Estate holds a general unsecured claim of $47,683.46. Section 506(b) of the Bankruptcy Code, which requires payment of interest and reasonable attorneys' fees to the holder of an allowed oversecured claim, is not applicable. The Patricia Es-

tate is not entitled to interest or attorneys' fees and costs.

### Motion for Relief from Stay

The automatic stay of 11 U.S.C. Section 362(a) immediately arose on the Petition Date by operation of law. The automatic stay bars the Patricia Estate from any act to retain or exercise control over property of the estate or to collect, assess, recover or setoff the prepetition indebtedness against the Debtor. 11 U.S.C. §§ 362(a)(3), (a)(6), (a)(7). The Patricia Estate seeks relief from the automatic stay to exercise it alleged rights of setoff and/or recoupment against the Debtor's inheritance. It contends cause exists for stay relief pursuant to 11 U.S.C. Section 362(d)(1) "because the Estate lacks adequate protection of its interest in its Right of Setoff."

The Patricia Estate has no enforceable right of setoff or recoupment pursuant to applicable law. 11 U.S.C. § 553(a); *In re Smith*, 737 F.2d at 1553. It has failed to establish cause for relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(1); *In re Radcliffe*, 372 B.R. 401, 418 (Bankr.N.D.Ind.2007). Its Motion for Relief from Stay is due to be denied. Any retention of the Debtor's inheritance benefits would constitute a violation of the automatic stay. 11 U.S.C. §§ 362(a)(3), (a)(6), (a)(7).

### Objection to Confirmation

The Debtor filed an original Plan (Doc. No. 13) and an Amended Plan (Doc. No. 31). He treats the Patricia Estate as a general unsecured creditor and proposes to pay general unsecured creditors a *pro rata* dividend of $10.00 per month. The claims bar date has passed and secured claims of $421,080.78 and general unse- cured claims of $24,215.30 have been filed. The Patricia Estate filed an Objection to confirmation in which it reiterates its right to setoff and/or recoupment assertions. It objects to the Debtor's Plan on the basis the Plan fails to provide for payment of its secured claim.

The Patricia Estate, by filing Claim No. 8–1, voluntarily elected to par- ticipate as a creditor in the Debtor's Chap- ter 13 case. The Debtor's inheritance rights constitute property of the bankrupt- cy estate. This Court has subject matter jurisdiction over Claim No. 8–1 and has authority to adjudicate the enforceability of Article II, Section F of Patricia's Last Will and Testament as to the Debtor's inheritance distribution rights. *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946); *Snavely v. Miller, (In re Miller)*, 124 Fed.Appx. 495, 499 (9th Cir. 2005). These matters are outside the con- fines of the "probate exception" to federal jurisdiction and fall squarely within this Court's jurisdiction. *Marshall v. Mar- shall*, 547 U.S. 293, 296, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).

The Patricia Estate holds a gener- al unsecured claim for $47,683.46 which shall be paid *pro rata* pursuant to the Chapter 13 distribution process. The spe- cific bequest distribution contingency of Article II, ¶ F of Patricia's Last Will and Testament is unenforceable as to the Debt- or. To require the Debtor to pay the Patricia Estate $47,683.46 as a condition to receiving any inheritance distributions would allow the Patricia Estate to receive more than the Debtor's other general unsecured creditors and violate the funda- mental bankruptcy principle of equal dis- tribution to creditors. The Patricia Es- tate's Objection to confirmation is due to be overruled.

 The Patricia Estate filed a claim and is requesting relief from the Bankruptcy Court. "[H]e who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure." *Gardner v. State of N.J.*, 329 U.S. 565, 573–74, 67 S.Ct. 467, 91 L.Ed. 504 (1947).

## II. McKAY PROPERTIES

### Claim Objection

McKay Properties filed Claim No. 10–1 asserting a secured claim of $42,164.03 for "money loaned" plus interest at the rate of 6.0% per annum and reasonable attorneys' fees and costs pursuant to 11 U.S.C. Section 506(b). No supporting documentation was filed with the claim. The Debtor contests the validity of the asserted debt and its secured status and requests the claim be disallowed in its entirety.

Steven W. Black ("Black"), the Managing Member of and holder of a one third membership interest in McKay Properties, presented imprecise and inconsistent testimony as to the basis for the claim. He explained the claim relates to prepetition loans made by Kenneth to the Debtor which were transferred to McKay Properties, but also testified the claim relates to estate taxes for Kenneth's estate. The claim amount of $42,164.03 was calculated by McKay Properties' accountant who was not present. Black could not explain the basis for the per annum interest charge of 6.0%.

The Debtor acknowledged he borrowed funds from his father prepetition. He did not execute a promissory note or security agreement for the loans. Counsel for Kenneth's probate estate presented a letter in June 2005 to the Debtor and the other members of McKay Properties computing their debts owed to Kenneth's estate. The computations set forth a beginning indebtedness of $89,780.00 owed by the Debtor to Kenneth's estate with interest accruing at the rate of 6.0%. Black and the Debtor's two sisters are listed as owing debts to Kenneth's estate.

The June 2005 letter sets forth allocations of McKay Properties' rental income as to each member and proposes to apply each member's indebtedness to the Kenneth estate against their income allocations. The Debtor, as the holder of a 1/6 membership interest, is entitled to receive 15.28% of McKay Properties' income less mortgage, insurance, taxes, and other operating costs. His monthly debt repayment allocation, based upon an one hundred-month amortization schedule, was $917.00 for 2005 (months 1 through 6) and $1,167.00 after 2005 (months 7 through 100). The June 2005 letter concluded:

> As you can determine, from the allocations, it is assumed that 50% of each rental payment that you are to receive is to be applied to the indebtedness which you owe the estate. The lengths of time for each of you to amortize that indebtedness is also reflected on the documentation which is included. If, after reviewing these enclosures, you have any questions, please let Jay or me know. If the computations are satisfactory, distributions will be made as soon as I receive approval from each of you.

McKay Properties' Exh. 4., pp. 1–2.

The proposed allocations contained in the June 2005 letter were the result of several meetings between Kenneth's counsel and McKay Properties' members. All members orally agreed to the proposed allocations. The Debtor did not object to the June 2005 letter. McKay Properties

made distributions to the Debtor and the other members from 2005 through 2008 pursuant to the allocation calculations set forth in the June 2005 letter. The Debtor accepted the distributions without objection. His Statement of Financial Affairs (Doc. No. 1) reflects he received distributions from McKay Properties of $24,000.00 in 2007 and $20,000.00 in 2008. He has not made any claims against McKay Properties.

### Setoff

■ McKay Properties asserts it has a right of setoff against the Debtor "equal to any allocations to which McKay may be entitled." Doc. No. 49, ¶ 4. It contends it has the right to collect the debt of $42,164.03 in full prior to paying any income allocations to the Debtor. *Id.* The Debtor objects to McKay Properties' claim asserting the claim "is inaccurate," no right of setoff exists, and the claim is unsubstantiated by supporting documentation (Doc. No. 33). McKay Properties, as the party asserting a right to setoff, has the burden of proof. *In re Dillard Ford, Inc.,* 940 F.2d at 1512.

The setoff elements of 11 U.S.C. Section 553(a) have been established. The Debtor and McKay Properties owe mutual prepetition obligations to each other. McKay Properties, which was formed prepetition, is obligated to make distributions to the Debtor pursuant to his 1/6 membership interest. The Debtor is indebted to McKay Properties pursuant to his father's prepetition loans and his acceptance of the June 2005 letter. McKay Properties' documentation establishes the Debtor owes a debt of $42,164.03 to McKay Properties. The Debtor did not present any evidence refuting the amount of such indebtedness.

■ The Debtor, by failing to object to the June 2005 letter, consented to the dis-

tribution terms whereby his income distributions would be offset against the loan indebtedness. McKay Properties made distributions to the Debtor in conformity with the June 2005 letter from 2005 through 2008. The Debtor, without objection, received and accepted those distributions. The June 2005 letter is binding agreement between the Debtor and McKay Properties. None of the exceptions of Sections 553(a)(1), (2), or (3) are applicable.

The requirements of Section 553(a) have been met. McKay Properties has established it holds a right of setoff against the Debtor. 11 U.S.C. § 553(a); *In re Dillard Ford, Inc.,* 940 F.2d at 1512.

The Bankruptcy Code treats a right of setoff as the equivalent of a security interest. 11 U.S.C. § 506(a). McKay Properties holds an allowed secured claim in the amount of $42,164.03 pursuant to Section 506(a). The Debtor's Objection to Claim No. 10–1 is due to be denied.

■ McKay Properties asserts it is entitled to interest and attorney's fees on its claim. Section 506(b) of the Bankruptcy Code allows for the recovery of interest and "any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose" on an oversecured claim up to the amount of the oversecurity. 11 U.S.C. § 506(b). McKay Properties has not established the value of the Debtor's distribution rights is greater than the loan balance or $42,164.03; it has not established its claim is oversecured. It has not established an agreement or State statute provides for its recovery of attorneys' fees. *In re Charter Co.,* 63 B.R. 568, 571 (Bankr.M.D.Fla.1986) (holding Section 506(b) "restricts the right to recover attorneys' fees to only those

creditors who have bargained and provided for such fees in the underlying agreement."). McKay Properties is not entitled to interest or attorneys' fees and costs on its claim.

■ McKay Properties, pursuant to its Section 553(a) right of setoff, is authorized to setoff the outstanding indebtedness of $42,164.03 against the Debtor's income distribution benefits until the indebtedness has been fully satisfied in the amount of $42,164.03. McKay Properties, in exercising its setoff rights, shall continue to follow the income allocation protocol of the June 2005 letter, with the exception no interest shall accrue. Allowing McKay Properties to retain the Debtor's full monthly income share would defeat the Debtor's ability to fund a plan and be at odds with the tenet of equal distribution among creditors.

McKay Properties, to prevent a payment dispute, shall remit the net monthly income allocations directly to the Trustee and shall continue to remit the funds to the Trustee until its claim is satisfied in full. In the event the claim is not satisfied during the life of the Plan, the setoff may continue post-bankruptcy until the indebtedness is fully satisfied.

### Motion for Relief from Stay

■ McKay Properties seeks relief from the automatic stay pursuant to 11 U.S.C. Section 362(d) to withhold the income allocations. McKay Properties is entitled to exercise its Section 553(a) setoff rights pursuant to the parameters set forth hereinabove. The Motion for Relief from Stay is due to be granted in part for the limited purpose of setoff of the outstanding indebtedness of $42,164.03 against the Debtor's income distribution benefits pursuant to the allocation protocol of the June 2005 letter.

### Objection to Confirmation

The Debtor treats McKay Properties as a general unsecured creditor in his Amended Plan and proposes to pay general unsecured creditors a *pro rata* dividend of $10.00 per month. McKay Properties objects to the Debtor's Amended Plan through its Objection and Motion for Relief from Stay. It objects to confirmation on the basis the Amended Plan fails to provide for payment of its secured claim.

McKay Properties holds an allowed secured claim of $42,164.03 which shall be paid through setoff against the Debtor's income distributions outside of the Plan. McKay Properties' Objection to confirmation is due to be overruled.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Debtor's Objection to Claim No. 8–1 (Doc. No. 32) is hereby **SUSTAINED** and Claim No. 8–1 is allowed as a general unsecured claim of $47,683.46 with no interest or costs allowed; and it is further

**ORDERED, ADJUDGED and DECREED** that the Patricia Estate's Motions for Relief from Stay (Doc. Nos.46, 49) are hereby **DENIED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the Patricia Estate's Objection to Confirmation (Doc. No. 39) is hereby **OVERRULED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtor's Objection to Claim No. 10–1 (Doc. No. 33) is hereby **OVERRULED** and Claim No. 10–1 is allowed as a secured claim of $42,164.03 pursuant to 11 U.S.C. Sections 553(a) and 506(a) with no interest or costs allowed; and it is further

**ORDERED, ADJUDGED and DECREED** that McKay Properties' Motions

for Relief from Stay (Doc. Nos.47, 50) are hereby **GRANTED IN PART** and McKay Properties is authorized to exercise its right of setoff against the Debtor's income distributions pursuant to 11 U.S.C. Section 553(a) and within the parameters set forth hereinabove; and it is further

**ORDERED, ADJUDGED and DE-CREED** that McKay Properties' Objections to Confirmation (Doc. Nos.22, 40) are hereby **OVERRULED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that the final confirmation hearing on the Debtor's Amended Chapter 13 Plan (Doc. No. 31) is set for January 5, 2010 at 11:30 a.m. in Courtroom A, Fifth Floor, 135 West Central Boulevard, Orlando, Florida 32801.